IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

_____
:
ASD SPECIALTY HEALTHCARE, INC. d/b/a :
ONCOLOGY SUPPLY COMPANY :
2801 Horace Shepard Drive :
Dothan, Alabama  36303, :
: CIVIL ACTION
                    Plaintiff, :
            v. : NO.: 1:05cv592 - T
:
ROBERT G. HICKES, M.D. :
1301 Trumansburg Road, Suite Q :
Ithaca, NY 14850, :
:
                    Defendant. :
_____:

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("ASD") hereby submits this memorandum of law in support of its motion for summary judgment on Counts I through IV of its Complaint against the defendant Robert G. Hickes, M.D. ("Hickes").

**I. INTRODUCTION**

ASD originally brought suit against Hickes to recover sums due from Hickes pursuant to a contractual relationship whereby Hickes ordered and received medical and pharmaceutical products from ASD.  In response to Requests for Admissions served upon him, Hickes has admitted that he is contractually liable for the sums claimed by ASD, that he ordered and received products from ASD, and that ASD is owed the principal sum of $177,253.77 for those products.  Accordingly, there is no dispute as to those material facts, and ASD is entitled, as a matter of law, to judgment against Hickes on Counts I through IV of ASD's Complaint.

## II. STATEMENT OF UNDISPUTED FACTS:

1.      ASD is a supplier of medical and pharmaceutical products. (Ex. 1, Compl. ¶ 6; Ex. 2, Req. for Adm. ¶ 1; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1.)[1]

2.      At all times relevant hereto, and as set forth more fully below, Hickes (a) solicited business with, (b) negotiated with, (c) had products shipped by, (d) communicated with, (e) submitted documents to, and (f) contracted with ASD in Dothan, Alabama. (Ex. 1, Compl ¶ 7; Ex. 2, Req. for Adm. ¶ 1; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1.)

3.      At various times and at Hickes' request, ASD sold and delivered to Hickes pharmaceutical and other products (the "Goods"). (Ex. 1, Compl. ¶ 8; Ex. 2, Req. for Adm. ¶ 1; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1.)

4.      Despite demand, Hickes failed to make payment for certain Goods that he purchased on credit. (Ex. 1, Compl. ¶ 9; Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25.)

5.      As of March 31, 2005, the total principal balance due to ASD exceeded $177,253.77. (Ex. 1, Compl. ¶ 11; Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25.)

6.      ASD has complied with its contractual obligations by supplying the Goods to Hickes, and invoicing Hickes for payment. (Ex. 1, Compl. ¶ 13; Ex. 2, Req. for Adm. ¶¶ 1, 9; Ex. 3, Resp. to Req. for Adm. ¶¶ 1, 9; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1.)

---

[1] All Exhibits referenced herein are attached to Plaintiff's Motion for Summary Judgment.

7. Despite the fact that ASD sent invoices to Hickes and demanded payment for the Goods supplied, Hickes failed to make payment to ASD, in accordance with his obligations. (Ex. 1, Compl. ¶ 14; Ex. 2, Req. for Adm. ¶¶ 2, 9, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 9; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 2, 24, 25.)

8. Nor has Hickes ever objected to the amounts shown on ASD's outstanding invoices. (Ex. 1, Compl. ¶ 21; Ex. 2, Req. for Adm. ¶ 5; Ex. 3, Resp. to Req. for Adm. ¶ 5.)

9. Hickes has refused to return the Goods and/or to pay for them. (Ex. 1, Compl. ¶ 34; Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25.)

10. On or about June 21, 2005, ASD filed a complaint (the "Complaint") against Hickes. (See Ex. 1, Compl.)

11. The Complaint asserted causes of action for Breach of Contract (Count I), Breach of Account Stated (Count II), Claim for Open Book Account (Count III), and Unjust Enrichment (Count IV). (See id.)

12. On or about August 26, 2005, Hickes filed an answer to the Complaint.

13. In October, 2005, ASD served discovery requests upon Hickes. (See Ex. 2, Req. for Adm.)

14. On November 17, 2005, Hickes served upon counsel for ASD his Response to Request for Admission (the "Initial Admissions Responses").[2] (See Ex. 3, Resp. to Req. for Adm.)

---

[2] Hickes also served improper objections to ASD's Interrogatories and Requests for Production of Documents. Because counsel have been unable to resolve their disputes regarding those deficient responses, despite ASD's attempts to do so, ASD reserves the right to file separately a motion to compel discovery responses and/or for sanctions if necessary.

15. In response to ASD's first request for admissions (the "Requests"), Hickes answered certain of the Admissions Requests as follows:

**REQUEST FOR ADMISSION NO. 1**

Admit that, beginning in 2004, Hickes ordered and received from Plaintiff medical, pharmaceutical and other products on an ongoing basis.

**RESPONSE:**

Denied. However, admitted that Hickes' professional corporation ordered and received such products.

(Ex. 2, Req. for Adm. ¶ 1; Ex. 3, Resp. to Req. for Adm. ¶ 1.)

16. Subsequently, Hickes supplemented the Initial Admissions Responses and served amended responses (the "Amended Admissions Responses"). (See Ex. 4, Am. Resp. to Req. for Adm.)

17. In the Amended Admissions Responses, Hickes admitted the following requests:

**REQUEST FOR ADMISSION NO. 1**

Admit that, beginning in 2004, Hickes ordered and received from Plaintiff medical, pharmaceutical and other products on an ongoing basis.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 2**

Admit that, as of March 31, 2005, the total principal balance due to Plaintiff from Hickes for goods shipped to or for the benefit of Hickes was in excess of $177,253.77.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 24**

Admit that you breached the terms of the agreement between you and the Plaintiff.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 25**

Admit that the summary attached hereto as Exhibit "B" accurately reflects the outstanding principal balance owed by you to the Plaintiff.

**RESPONSE:**

Admitted.

(Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25.)

### III. ARGUMENT

A.   **Legal Standards**

Rule 56(c) of the Federal Rules of Civil Procedure provides that district courts shall enter summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is "an integral part of the Federal Rules" that "must be construed with due regard . . . for the rights of persons opposing [ ] claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The party opposing summary judgment cannot rest merely upon "bare assertions, conclusory allegations, or suspicions." Kelly v. Drexel Univ., 907 F. Supp. 864, 870 (E.D. Pa. 1995), aff'd, 94 F.3d 102 (3d Cir. 1996). Rather, he or she must produce evidence that corroborates the adverse allegations and demonstrates a real factual dispute about a material issue that can be resolved only by a trial. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If the court, in viewing all reasonable inferences in favor of the

non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. Thomas v. Brown, 969 F.Supp. 956, 958-59 (E.D. Pa. 1997). To survive a summary judgment motion, the non-moving party must raise "more than a mere scintilla of evidence in its favor." Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989). To defeat summary judgment, the nonmovant's evidence must be sufficient for a jury to return a verdict in the non-moving party's favor. Anderson, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

In this case, because there are no genuine disputes about any material fact concerning Hickes' acknowledged breach of contract, unjust enrichment, failure to pay ASD despite being invoiced, or the outstanding indebtedness, the Court should enter summary judgment in favor of ASD on Counts I through IV of ASD's Complaint.

    **B.**    **It is Conclusively Established That Hickes Is Liable to ASD as Claimed In Counts I through IV of ASD's Complaint**

Federal Rule of Civil Procedure 36 ("Rule 36") provides that a party may serve upon any other party "a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope [of the discovery rules]." F.R.C.P. 36(a). Rule 36(b) states, in relevant part, as follows:

> Any matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission.

F.R.C.P. 36(b) (emphasis added).

Accordingly, it is "conclusively established" for the purposes of this action that:

(a) beginning in 2004, Hickes ordered and received from Plaintiff medical, pharmaceutical and other products on an ongoing basis, (Ex. 2, Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1);

(b) as of March 31, 2005, the total principal balance due to ASD from Hickes for goods shipped to or for the benefit of Hickes was in excess of $177,253.77, (Ex. 2, Req. for Adm. ¶ 2; Ex. 4, Am. Resp. to Req. for Adm. ¶ 2);

(c) Hickes breached the terms of the agreement between him and ASD, (Ex. 2, Req. for Adm. ¶ 24; Ex. 4, Am. Resp. to Req. for Adm. ¶ 24); and

(d) the summary attached as Exhibit "B" to the Admissions Requests showing the outstanding principal balance owed to ASD as being $177,253.77 accurately reflects the outstanding principal balance owed by Hickes to ASD as of October 2005, (Ex. 2, Req. for Adm. ¶ 25; Ex. 4, Am. Resp. to Req. for Adm. ¶ 25).

### C.     ASD Is Entitled to Judgment In Its Favor On Count I of ASD's Complaint

In Count I of its Complaint, ASD has alleged that Hickes is liable to ASD for breaching the terms of the Contract between him and ASD, and that ASD is owed an amount in excess of $177,253.77 as a result of this breach. (Ex. 1, Compl. ¶¶ 13 – 16.) No genuine issues of fact are involved in ASD's breach of contract claim against Hickes.

Under Alabama law, a plaintiff asserting a cause of action for breach of contract must prove the existence of a valid contract to which plaintiff and defendant were parties, the plaintiff's performance under the contract, the defendant's breach of the duty imposed by the contract and the resultant harm to the plaintiff. See, e.g., Anderson v. Amberson, 2004 WL 2201250, *8 (citing Shelton v. Clements, 834 So. 2d 775, 782 (Ala. Civ. App. 2002)). HIckes' admissions establish that each of these elements has undisputably been satisfied. Hickes has admitted that he ordered and received from ASD medical, pharmaceutical and other products on

an ongoing basis, that ASD performed under the contract by shipping the products to him, that he breached the terms of the contract between him and ASD, and that ASD was owed, as of March 31, 2005, and October 2005, the total principal balance of $177,253.77. (Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25). There is therefore no genuine issue of the material fact that an agreement existed between ASD and Hickes, that ASD complied with its obligations by shipping products to Hickes, that Hickes breached the terms of the agreement, and that ASD is owed the principal amount of $177,253.77. Accordingly, ASD is entitled to judgment, as a matter of law, in its favor on Count I of its Complaint.

D.   **ASD Is Entitled to Judgment On Counts II and III of Its Complaint**

By acknowledging that he received products from ASD on an ongoing basis, and that he failed to pay for those products, (Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25), Hickes has admitted the elements necessary for ASD to prevail on Counts II and III of the Complaint. Additionally, Hickes has never claimed that he ever objected to invoices delivered to him by ASD. (See id.) There is therefore no issue of material fact to prevent summary judgment on those two counts of the Complaint. See e.g. Wilhite v. Beasley, 497 So.2d 103 (S.Ct. Ala.1986); Plymel v. B.W. Projects, Inc., 632 So.2d 453 (S.Ct.Ala.1993).

E.   **ASD Is Entitled to Judgment In Its Favor On Count IV of ASD's Complaint**

Similarly, there are no genuine issues of material fact to prevent summary judgment against Hickes on ASD's claim of unjust enrichment. Under Alabama law, the elements to be proven for unjust enrichment are: (1) a benefit is conferred on defendant by plaintiff; (2) appreciation of such benefit by defendant; and (3) acceptance and retention of such benefit under such circumstances that it be inequitable for defendant to retain the benefits without payment of

value.  See, e.g., American Family Care, Inc. v. Fox, 642 So.2d 486, 488 (1994); G.S. Gothard & Son Contractors, Inc. v. Mansel, 611 So.2d 1101, 1103 (1992).

By conceding that he received Goods from ASD, that he has not paid for those Goods, and the value of those Goods, (see Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25), Hickes has admitted that he has been enriched at ASD's expense in the principal amount of $177,253.77.  Thus, Hickes had a benefit conferred on him by ASD to the tune of $177,253.77 to which Hickes was not entitled without payment.  Moreover, because Hickes never had any right to take and retain the Goods for his own use, it would be inequitable and unjust to allow Hickes to have use of the Goods without paying ASD fair value.  For these reasons, there is no genuine issue of material fact that ASD is entitled to judgment, as a matter of law, against Hickes on Count IV of ASD's Complaint.

### F. ASD Is Entitled to Prejudgment Interest

Under controlling Alabama Law, ASD is entitled to an award of prejudgment interest from the date ASD's cause of action accrued.  Section 8-8-1 of the Code of Alabama states that "[e]xcept as otherwise provided by law" the maximum interest rate relating to contracts that specify no interest rate is six percent (6%) annually.  Based upon this language, and the provisions of Section 8-8-10 of the Code of Alabama, which authorizes prejudgment interest from the date of a cause of action, ASD is entitled to an award of pre-judgment interest at the annual rate of six percent (6%) (or $29.14 per day) from April 16, 2005, the date on which the last outstanding invoice became past due, until the date of entry of judgment.  Burgess Mining and Construction Corp. v. Lees, 440 So.2d 321, 337-38 (1983).[3]

---

[3] Although ASD's cause of action actually occurred on January 8, 2005, the date on which the first outstanding invoice became past due, for ease of calculation, ASD agrees to

## IV. CONCLUSION

For all the foregoing reasons, the Motion should be granted and the attached proposed order should be entered.[4]

Respectfully submitted,

s/Heath A. Fite_____
James J. Robinson (ROB013)
Heath A. Fite (FIT011)
Attorneys for Plaintiff

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

---

forego the interest due to it for the period between January 8, 2005 and April 16, 2005.  See Admissions Request 25, and at Exhibit "B" and Amended Admissions Response 25. The per diem rate is calculated as follows:

$$\frac{0.06 \times \$177{,}253.77}{365 \text{ days}} = \$29.14 \text{ per day.}$$

[4] Throughout this brief, ASD relies on several documents that are attached hereto as exhibits.  Under Fed. R. Civ. P. 56, a court ruling on a summary judgment motion may only consider information offered through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," and thus, documentary evidence that is relied upon in moving for a summary judgment must be "sworn or certified" as authentic in an affidavit, answer to interrogatory, deposition or admission before it can be considered by the Court.  Fed. R. Civ. P. 56(e); Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990) ("It is well-established that unauthenticated documents cannot be considered on a motion for summary judgment."); 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2722 at 383.  The documents that ASD relies on herein are authenticated as follows:

Ex. 1 is a pleading filed as a public record in this Court under F.R.E. 901(b)(7).
Ex. 2 is a set of Requests for Admissions.
Exs. 3 and 4 are Answers to Requests for Admissions.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties, including Clyde Ellis Brazeal, III.

                                          s/Heath A. Fite
                                          Of Counsel