**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

———————————————————————

|  |  |  |
|---|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY COMPANY 2801 Horace Shepard Drive Dothan, Alabama 36303, | : : : : : : | CIVIL ACTION |
| Plaintiff, v. | : : : | NO.: 1:05cv592 - T |
| ROBERT G. HICKES, M.D. 1301 Trumansburg Road Suite Q Ithaca, NY 14850, | : : : : : : | |
| Defendant. | : : | |

———————————————————————

**MEMORANDUM OF LAW SUPPORTING MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT AND JOIN ADDITIONAL DEFENDANT**

The plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("ASD" or "Plaintiff"), by and through its counsel, hereby files this Memorandum of Law supporting its motion for leave to file an amended complaint and to join an additional defendant. In support of its motion, Plaintiff states the following:

**I. INTRODUCTION.**

ASD originally brought suit against Robert G. Hickes, M.D. ("Hickes") based upon the records in its files that reflected a contractual relationship with Hickes. Those records also reflect that Hickes is obligated to pay ASD the sums demanded in the Complaint. During the course of discovery, Hickes has claimed that the Goods shipped by ASD to him and chargeable against his account were actually used by Robert G. Hickes, M.D., P.C. (the "Professional Corporation"), a Professional Corporation owned entirely by Hickes. To the extent that any of

1421280

the Goods was in fact used by the Professional Corporation, then the Professional Corporation has been unjustly enriched at ASD's expense. ASD therefore respectfully requests leave to file an amended complaint, naming the Professional Corporation as an additional defendant, and asserting causes of action against the Professional Corporation for unjust enrichment and open book account.

## II. FACTUAL AND PROCEDURAL BACKGROUND

ASD is a supplier of medical and pharmaceutical products. At all times relevant hereto, and as set forth more fully below, Hickes (a) solicited business with, (b) negotiated with, (c) had products shipped by, (d) communicated with, (e) submitted documents to, and (f) contracted with ASD in Dothan, Alabama. At various times and at Hickes' request, ASD sold and delivered to Hickes pharmaceutical and other products (the "Goods") on open account.

Despite demand, Hickes failed to make payment for certain Goods that it purchased on credit. As a result of Hickes' defaults, all sums owed by him to ASD are immediately due and payable in full. As of March 31, 2005, the total principal balance due to ASD exceeded $177,253.77.

ASD has complied with its contractual obligations by supplying the Goods to Hickes, and invoicing Hickes for payment. Despite the fact that ASD sent invoices to Hickes and demanded payment for the Goods supplied, Hickes failed and refused, and continues to fail and refuse, to make payment to ASD, in accordance with his obligations. Accordingly, Hickes has breached materially the terms of the contract between him and ASD.

Moreover, Hickes had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due. Hickes has never objected to the amounts set forth in ASD's invoices.

Furthermore, ASD conferred a benefit upon Hickes, to which Hickes was not entitled, by providing Hickes with the Goods.  Despite repeated demand, Hickes has refused to return the Goods and/or to pay for them.

By accepting delivery of the Goods supplied by ASD, retaining them, and not paying ASD for them, Hickes has been unjustly enriched at OSC's expense, in an amount in excess of $177,253.77, thereby damaging ASD.

Accordingly, on June 22, 2005, ASD filed a complaint (the "Complaint") against Hickes. The Complaint asserted causes of action for Breach of Contract (Count I), Breach of Account Stated (Count II), Claim for Open Book Account (Count III), and Unjust Enrichment (Count IV). On or about August 26, 2005, Hickes filed an answer to the Complaint.

On September 29, 2005, the Court entered a scheduling order which provides that motions to amend the pleadings or to join additional parties shall be filed on or before January 27, 2006.

On October 18, 2005, ASD served Hickes' counsel with written discovery requests including Requests for Admission, attached to ASD's Motion as Exhibit A.  On November 17, 2005, Hickes served upon counsel for ASD his Response to Request for Admission (the "Admissions Responses"), attached to ASD's Motion as Exhibit B.[1]  In response to ASD's first request for admission (the "Requests"), Hickes answered as follows:

---

[1] Hickes also served improper objections to ASD's Interrogatories and Requests for Production of Documents.  Should counsel's attempts to resolve their disputes regarding those deficient responses prove unavailing, ASD will be filing separately a motion to compel discovery responses and/or for sanctions.

**REQUEST FOR ADMISSION NO. 1**
Admit that, beginning in 2004, Hickes ordered and received from Plaintiff medical, pharmaceutical and other products on an ongoing basis.
**RESPONSE:**
Denied. However, admitted that Hickes' professional corporation ordered and received such products.

Based upon the Admissions Responses, ASD seeks leave to file an amended complaint in the form attached to ASD's Motion as Exhibit C naming the Professional Corporation as an additional defendant, and asserting causes of action against the Professional Corporation for unjust enrichment and open book account.

## III. LEGAL DISCUSSION

### A.    The Relevant Legal Standard.

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The authority to grant or deny a request to amend a pleading is within the district court's discretion. See e.g. Jameson v. The Arrow Company, 75 F.3d 1528, 1534 (11th Cir. 1996) (citing, Foman v. Davis, 371 U.S. 178, 182 (1962)). See also, Shipner v. Eastern Air Lines, Inc; 868 F.2d 401, 406 (11th Cir. 1989). This district has recognized that although the district court possesses this sole discretion:

> the court's discretion is limited by the mandate that "leave shall be freely given when justice so requires."…Therefore, there must be a substantial reason to deny a motion to amend…Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, …undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the Amendment."

Treadwell v. Dow United Technologies, et al., 970 F. Supp. 962, 968 (M.D. Ala. 1997) (citations omitted). See also, Ferbus et al. v. Sears, Roebuck & Company, 30 F.3d 1402, 1405 (11th Cir. 1994); Hargett v. Valley Federal Savings Bank, 60 F. 3d 754, 761 (11th Cir. 1995). Moreover,

the Court in <u>Hargett</u> quoted the opinion of the United States Supreme Court in <u>Foman</u>, in which

opinion the Supreme Court held that "'[i]f the underlying facts or circumstances relied upon by a

plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim

on the merits.'" <u>Hargett,</u> 60 F.3d at 761.

Insofar as joinder of parties is concerned, Rule 19(a) of the Federal Rules of Civil

Procedures reads, in relevant part, as follows:

> A person who is subject to service of process and whose joinder
> will not deprive the court of jurisdiction over the subject matter of
> the action shall be joined as a party in the action if (1) in the
> person's absence complete relief cannot be accorded among those
> already parties, ...

Fed. R. Civ. P. 19(a).

Similarly, Rule 20 (a) reads, in relevant part, as follows:

> **(a) Permissive Joinder.** All persons may be joined in one action
> as defendants if there is asserted against them jointly, severally, or
> in the alternative, any right to relief in respect of or arising out of
> the same transaction, occurrence, or series of transactions or
> occurrences and if any question of law or fact common to all
> defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Finally Rule 21 reads, in relevant part, as follows:

> Parties may be dropped or added by order of the court on motion
> of any party or of its own initiative at any stage of the action and
> on such terms as are just.

Fed. R. Civ. P. 21.

In deciding whether or not to permit joinder, a "district court is guided by the underlying

purpose of joinder, which is to 'promote trial convenience and expedite the resolution of

disputes, thereby eliminating unnecessary lawsuits.'" <u>Swan v. Ray</u>, 293 F.3d 1252, 1253 (11th

Cir. 2002). Additionally;

1421280                                         5

> It is well established that "[a]fter a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21…"

Kalman v. The Berlyn Corporation, 914 F.2d 1473, 1479 (Fed. Cir. 1990) (quoting, 3A J. Moore, J. Lucas and G. Grother, *Moore's Federal Practice* 21.05 [1] (2d Ed. (1989)).  Thus if ASD can meet the factors applicable to amendment of pleadings, it should be permitted to do so, and to join the Professional Corporation as an additional defendant.

 **B.** **ASD Is Entitled to Amend Its Complaint To Name The Professional Corporation As An Additional Defendant And To Assert A Claim Against The Professional Corporation**

The proposed Amended Complaint in this case is identical to the original Complaint in all but two respects.  First, the Professional Corporation is named as an additional defendant in the Amended Complaint.  Second, the Amended Complaint contains a Count V for Unjust Enrichment and a Count VI for Open Book Account against the Professional Corporation.  See Exhibit C to ASD's Motion.  The Court should allow the joinder of the Professional Corporation and the filing of the Amended Complaint based upon the legal standards set forth above.

 **1.** **There Has Been No Undue Delay, Bad Faith Or Dilatory Motive.**

Until Hickes served his Admission Responses on or about November 17, 2005, ASD had no records to reflect that the Goods referred to in the Complaint had been used by and/or sold to any party other than Hickes himself.  Indeed, all of ASD's records reflect that Hickes himself is the party with whom ASD had a contract, to whom all products and invoices were shipped, and to whom all correspondence was directed.  Only within the past month has any suggestion been made that perhaps some other party (namely, the Professional Corporation) may have been the ultimate beneficiary of the Goods shipped by ASD to Hickes, and/or that the Professional Corporation may have been the party ordering the Goods.  Moreover, the Scheduling Order issued by this Court on September 29, 2005, gives the parties until January 27, 2006 to file any

motions to amend the pleadings and to add parties.  Accordingly, this Motion has been filed in a timely fashion.

### 2.    There Has Been No Repeated Failure to Cure Deficiencies By Previous Amendments.

This is the first amendment requested by ASD, thereby mitigating in favor of granting ASD an opportunity to test the merits of an unjust enrichment claim and claim for open book account against the Professional Corporation.

### 3.    There Is No Undue Prejudice Either to Hickes or to the Professional Corporation.

Hickes cannot be prejudiced by the relief requested in this Motion because if ASD succeeds in its claims against the Professional Corporation and Hickes, then Hickes may have a contribution claim against the Professional Corporation.  Moreover, because any factual information relating to the alleged use of the Goods by the Professional Corporation is presumably within the custody and/or control of Hickes, who, upon information and belief, is the sole owner of the Professional Corporation, this is not a situation in which the named defendant will be prejudiced by an inability to obtain records from the defendant sought to be joined. Furthermore, Hickes will suffer no prejudice from the allowance of the amendment because he was in possession of all facts on which the amendment is based and affirmatively failed to disclose those facts to ASD in his pleadings or self executing disclosure. It is only within the last month that Hickes decided to claim that the Goods shipped by ASD were actually ordered and/or transferred by Hickes to the Professional Corporation for disposition.  Moreover, because it is Hickes himself who raised the issue giving rise to this Motion, he cannot claim prejudice on behalf of the Professional Corporation.  Similarly, the Professional Corporation will not unduly

be prejudiced if amendment is allowed because, according to its owner, Hickes, it has liability to ASD.[2]

### 4.    The Amendment Requested is Not Futile.

Based upon the admission made by Hickes, the sole owner and person who controls the Professional Corporation, it appears that in addition to Hickes' own personal liability, the Professional Corporation may also be liable to ASD. There is at the very least an issue that has been raised by the Defendant Hickes that gives rise to a logical inference that causes of action exist against the Professional Corporation. ASD should be permitted the opportunity to test the merits of those causes of action in this case.

### 5.    Joinder of the Professional Corporation Is Otherwise Appropriate.

There is also no question that this Motion satisfies the requirements for joinder of the Professional Corporation, whether under Federal Rule of Civil Procedure 19 or Federal Rule of Civil Procedure 20. Based upon the statements contained within the Admissions Response it appears as though it may not be possible in the absence of the Professional Corporation to accord complete relief among those already parties. Similarly, pursuant to Rule 20, ASD has in the proposed Amended Complaint stated a "right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" as those giving rise to ASD's claims against Hickes individually. Furthermore, because the same claims are asserted against

---

[2] ASD does not mean to suggest that it is abandoning its claims against Hickes. To the contrary, and as set forth more fully above and in the Complaint, ASD's records reflect that Hickes individually is liable to ASD based upon theories of breach of contract, open book account, account stated, and unjust enrichment. To the extent, however, that Hickes has suggested that the Professional Corporation, which he owns and controls, may also have been unjustly enriched by the shipment of Goods from ASD or may have been the party actually ordering the Goods, the amendment requested is proper. See e.g., Foman 371 U.S. at 182. (Amendment is proper where a plaintiff seeks to assert an alternative theory of recovery.) Also, Federal Rule of Civil Procedure 8(e)(2) allows a party to assert claims in the alternative and to assert as many separate claims as a party has, regardless of their consistency.

both Hickes and the Professional Corporation in the Amended Complaint, and because those claims relate to the same transactions, it is undeniable that there will be "questions of law or fact, common to all defendants [that] will arise in the action." Federal Rule of Civil Procedure 20(a).

Accordingly, ASD respectfully requests that it be granted leave to file the Amended Complaint attached hereto as Exhibit "D," naming the Professional Corporation as an additional defendant, and asserting claims against the Professional Corporation for unjust enrichment and open book account.

## IV. <u>CONCLUSION</u>

For all the foregoing reasons, ASD Specialty Healthcare, Inc. d/b/a Oncology Supply Company respectfully requests the entry of an Order granting the requested relief.

Respectfully submitted,

s/ Heath A. Fite_____
James J. Robinson (ROB013)
Heath A. Fite (FIT011)
Attorneys for Plaintiff

**OF COUNSEL:**
Burr & Forman, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Phone:  (205) 251-3000
Fax:  (205) 458-5100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties, including Clyde Ellis Brazeale, III.

/s/Heath A. Fite_____
Of Counsel

10