IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a )<br>ONCOLOGY SUPPLY COMPANY )<br>2801 Horace Shepard Drive )<br>Dothan, Alabama 36303, )<br>)<br>                Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT G. HICKES, M.D., )<br>1301 Trumansburg Road, Suite Q )<br>Ithaca, NY  14850, )<br>)<br>                Defendant. ) | CIVIL ACTION NO.<br>1:05CV592-T |

**PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES AND RESPONSES
TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

The Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company (hereafter "Plaintiff" or "ASD"), by and through its counsel, hereby moves this Honorable Court pursuant to Federal Rule of Civil Procedure 37 for an order compelling Defendant Robert G. Hickes, M.D. (hereafter "Defendant" or "Hickes") to make the initial disclosures required by Rule 26(a), to make complete responses to Plaintiff's interrogatories, and to compel Defendant to allow Plaintiff to inspect all of the documents requested in its requests for production.

**I. INTRODUCTION AND PROCEDURAL BACKGROUND**

1.     ASD is a supplier of medical and pharmaceutical products.

2.     ASD filed this action on June 22, 2005, seeking a judgment in excess of $177,000 for medical and/or pharmaceutical products ASD sold and delivered to Hickes which, despite demand, Hickes has not paid for.

1432063

3.      On September 27, 2005, the parties submitted a Report of the Parties' Planning Meeting in which they agreed that pre-discovery disclosures as required by Rule 26 would be exchanged by October 14, 2005.

4.      On October 12, 2005, ASD submitted its initial disclosures to Hickes. To date, Hickes has not submitted any initial disclosures.

5.      On or about October 18, 2005, Plaintiff propounded upon Hickes interrogatories, requests for production.[1] (*See* Ex. A, Plaintiff's Interrogatories and Requests for Production.)

6.      Although Hickes responded to the requests for admissions, he submitted only "General Objections" to ASD's interrogatories and requests for production.  (*See* Ex. B, Defendant's Responses to Interrogatories and Requests for Production.)  To date, Hickes has provided no specific objections or responses to any of ASD's interrogatories or requests for production.

7.      ASD's counsel has made numerous attempts to confer in good faith with Hickes' counsel in an attempt to secure the information and documentation without Court intervention.

8.      By letter dated October 18, 2005, ASD's counsel inquired about the status of Defendant's initial disclosures.  (*See* Ex. C, October 18, 2005, correspondence, w/o enclosures.)

9.      By letter dated November 30, 2005, ASD's counsel again sent a letter to Hickes' counsel inquiring about the status of initial disclosures which still had not been received, as well as Hickes' boilerplate objections to the interrogatories and requests for production.  (*See* Ex. D, November 30, 2005, correspondence.)

10.     By letter dated January 25, 2006, ASD's counsel again sent a letter to Hickes' counsel requesting the discovery and informing that court action would be sought should he fail

---

[1] ASD also propounded requests for admission which are not at issue in this motion.

to provide adequate initial disclosures and discovery responses by January 31, 2006. (*See* Ex. E, January 25, 2006, correspondence, w/o enclosure.)

11. By signing this motion, Plaintiff's counsel hereby certifies that he has made good faith attempts to confer with Defendant's counsel concerning the discovery at issue in this motion.

## II. ARGUMENT

12. Plaintiff is entitled to the discovery requested in this motion as well as the costs incurred in seeking it. The Federal Rules of Civil Procedure clearly require Defendant to provide initial disclosures and Plaintiff should be awarded its costs in seeking them. Furthermore, the Federal Rules of Civil Procedure authorize this Court to enter an order requiring Defendant to provide complete responses to Plaintiff's interrogatories and requests for production.

13. Rule 37(a)(2)(A) authorizes ASD to move to compel Hickes' to submit initial disclosures and to seek sanctions. ASD's counsel has attempted to confer in good faith concerning the initial disclosures in an attempt to secure them without court action. Those attempts were of no avail. Accordingly, ASD seeks entry of an order compelling Hickes to submit initial disclosures and awarding ASD appropriate sanctions, including ASD's reasonable expenses and attorney fees accrued in preparing this motion.

14. Rule 37(a)(2)(B) authorizes ASD to move for an order compelling Hickes to provide answers to ASD's interrogatories and to provide ASD with the opportunity to inspect documents responsive to ASD's requests for production. Although Hickes did submit "General Objections" to ASD's interrogatories and requests for production within the time for providing responses, those "General Objections" do not suffice under the Rules. Rule 33 provides that each interrogatory should be answered separately and that the grounds for an objection shall be stated with particularity. Similarly Rule 34 requires Hickes to state the reason for each objection

to each request for production. Clearly Hickes' "General Objections" do not comply with these Rules and do not suffice to preserve Hickes' objections. *See, e.g., Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at *3 (D. Kan. Jan. 7, 2005)("General Objections" ineffective to preserve objections to discovery requests); *M2 Software, Inc. v. M2 Communications, L.L.C.*, 217 F.R.D. 499, 501 (C.D. Cali. 2003) (holding that boilerplate "General Objections" are insufficient to raise enforceable objections to any particular discovery request). By failing to object to any interrogatory or request for production other than by objecting to all of them via "General Objections" does not suffice to preserve those objections. Hickes' should be deemed to have waived his objections. ASD's counsel made good faith attempts to obtain the information and documents requested without court intervention but those attempts were in vain. Accordingly, ASD seeks entry of an order compelling Hickes to submit complete responses to its interrogatories and requests for production and awarding ASD appropriate sanctions, including ASD's reasonable expenses and attorney fees accrued in preparing this motion.

**WHEREFORE,** ASD respectfully requests that the Court enter an order compelling Hickes to provide initial disclosures and complete responses to all of ASD's interrogatories and requests for production and awarding ASD appropriate sanctions, including its reasonable expenses and attorney fees accrued in preparing this motion.

Respectfully submitted,

/s Heath A. Fite
James J. Robinson
Heath A. Fite ASB-9259-E54F

Attorneys for Plaintiff
ASD SPECIALTY HEALTHCARE, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

     I hereby certify that on the 6th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties, including Clyde Ellis Brazeal, III.

                               /s Heath A. Fite
                               O Counsel