# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY COMPANY 2801 Horace Shepard Drive, Dothan, Alabama 36303, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO.: 1:05cv592 - T |
| ROBERT G. HICKES, M.D. 1301 Trumansburg Road Suite Q Ithaca, NY 14850. | : : : : : : | |
| Defendant. | : : : : | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## ADDRESSED TO DEFENDANT ROBERT G. HICKES, M.D.

TO:    ROBERT G. HICKES, M.D.
      c/o Ellis Brazeal, III, Esquire
      Walston, Wells, Anderson & Birchall LLP
      1819 5th Avenue North, Suite 1100
      Birmingham, Alabama 35203

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, ASD Specialty Healthcare, Inc. d/b/a Oncology Supply Company, by and through its undersigned attorneys, hereby requests that the defendant Robert G. Hickes, M.D. ("Hickes") answer the following Interrogatories under oath within thirty (30) days of the date of service hereof.

## I.    DEFINITIONS

As used in these Interrogatories, the following terms shall have the meaning set forth below:

PHL1 642631-1

EXHIBIT
A

A.    "Plaintiff" means the plaintiff, ASD Specialty Healthcare, Inc. d/b/a Oncology Supply Company, and its predecessors-in-interest, and any officers, partners, agents, representatives and/or employees of any of them.

B.    "Hickes" means Robert G. Hickes, M.D., and his agents, representatives and/or employees.

C.    "You" or "your" means Hickes and/or any other party responding to these Interrogatories.

D.    "Defendant" shall mean Hickes.

E.    "The Action" shall mean the above-captioned action in which a complaint was filed against the Defendant.

F.    "The Complaint" shall mean the Complaint filed at the above-captioned docket number.

G.    "The Answer" shall mean the answer to the Complaint, filed by the Defendant on or about August 26, 2005.

H.    "The Interrogatories" shall mean the Plaintiff's First Set of Interrogatories addressed to the Defendant.

I.    "The Admissions" shall mean the Plaintiff's First Set of Requests for Admissions Directed to the Defendant.

J.    "Person" means any natural individual or any corporation, firm, partnership, proprietorship, association, joint venture, governmental entity or any business organization or any other entity.

K.    "Document" means any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, which is in your

2

possession, custody and/or control, including originals, non-identical copies, and drafts and both written sides of such material, including but not limited to any and all written, filmed, graphic and audio or visually recorded matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, whether performed or reproduced or on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices, or any other media, including but not limited to, papers, books, letters, writings, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, interoffice communications, interoffice communications, memoranda, notes, notations, records, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, meetings, affidavits, statements, CD ROM, floppy or hard disks, charts, graphs, specifications, drawings, blueprints, summaries, opinions, proposals, reports, studies, analyses, audits, evaluations, contracts, agreements, covenants, understandings, permits, licenses, journals, statistical records, ledgers, books of account, bookkeeping entries, financial statements, tax returns, vouchers, checks, check stubs, invoices, receipts, desk calendars, appointment books, diaries, lists, tabulations, summaries, time sheets, logs, sound output, microfilms, microfiches, all records kept by electronic, photographic or mechanical means, tapes, computer tapes, tape recordings, computer printouts, input-output computer systems and all other informal or formal writing or tangible things on which any handwriting, typing, printing, sound signal impulse or symbol is recorded or reproduced and any and all amendments or supplements to any of the foregoing whether prepared by you or any other person, and all things similar to any of the foregoing documents. If a document is referred to, the reference shall include, but shall not be limited to, the original and

each and every copy and draft thereof differing in any way from the original, if an original exists, or each and every copy and draft if no original exists.

L.    "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

M.    "Communication(s)" means any manner of transmitting or receiving information, opinions or thoughts, whether orally, in writing or otherwise.

N.    "All documents" means any and all documents as defined above that are known to you or that can be located or discovered by your reasonably diligent efforts.

## II.    RULES OF CONSTRUCTION

A.    "All" and "each" shall be construed as both all and each.

B.    The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that otherwise might be construed to be outside of its scope.

C.    The singular includes the plural and vice versa.

## III.    INSTRUCTIONS

a.    Answer each Interrogatory separately and fully unless you object to it, in which case you should specifically state the reason for your objection.

b.    To the extent you object in part to any Interrogatory, answer that part of the Interrogatory in question to which no objection is asserted.

c.    In answering these Interrogatories, you should furnish all information available to you at the time of answering.

d.    Unless otherwise stated, the relevant time period (the "Relevant Period") covering each Interrogatory is from January 1, 2003 to the current time.

4

e.    Where precise or exact information, data or dates are not available or known, state approximate information data or dates and state that you have done so.

f.    Whenever you answer an Interrogatory on information and/or belief, state the source of your information and/or the basis for your belief.

g.    In each instance where you deny knowledge and/or information sufficient to answer any part of an Interrogatory, state the name and address of each person, if any, known or believed to have such knowledge and/or information.

## IV.    **INTERROGATORIES**

1.    Identify the name, address and relationship to Hickes, if any, of each person(s) providing answers to these Interrogatories.

**RESPONSE:**

2.    Identify all persons whom you intend to call as witnesses at the trial of this case and summarize the facts to which each said person will testify.

**RESPONSE:**

3.    Identify all persons having knowledge of the subject matter of this action, and for each such person state the nature of his or her knowledge.

**RESPONSE:**

4.    State the factual basis for your denials in the Answer of the allegations in the following paragraphs of the Complaint:

(a)    7;

(b)    8;

(c)    9;

(d)    10;

(e)     11;

(f)     15;

(g)     18;

(h)     22;

(i)     33; and

(j)     34.


**RESPONSE:**

5.     State the factual basis for the defense of waiver alleged by you in the Answer.


**RESPONSE:**

6.     State the factual basis for the defense of estoppel alleged by you in the Answer.


**RESPONSE:**

7.     State the factual basis for the defense of lack of personal jurisdiction alleged by you in the Answer.


**RESPONSE:**

8.     State the factual basis for the defense of lack of consideration alleged by you in the Answer.


**RESPONSE:**



9.     Identify each payment or return of merchandise made by you to Plaintiff by listing, for each payment or return:

(a)     the date of the payment or return of merchandise;

(b)    the manner in which the payment was made or the merchandise was returned;

(c)    the amount of the payment or the specific merchandise returned;

(d)    the address to which the payment or merchandise was delivered;

(e)    the person who made the payment or who returned the merchandise; and

(f)    any and all documents referring, relating and/or pertaining to the payment or return of merchandise.

**RESPONSE:**

10.    Identify all communications between Hickes and any other person relating, referring and/or pertaining to the transactions described in and/or the subject matter of the Complaint or this Action.

**RESPONSE:**

11.    Identify all documents upon which you relied, to which you referred in preparing, or that otherwise relate and/or pertain to, your answers to these Interrogatories.

BURR & FORMAN, LLP

BY: _____

James J. Robinson (ROB013)
Heath A. Fite (FIT011)

Attorneys for Plaintiff

**OF COUNSEL**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203

Telephone:  205-251-3000
Facsimile:   205-458-5100

PHIL1 642631-1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2005, I caused a true and correct copy of Plaintiff's First Set of Interrogatories addressed To Defendant Robert G. Hickes, M.D., to be served on the following by hand delivery:

Ellis Brazeal, III, Esquire
Walston, Wells, Anderson & Birchall LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203

Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ASD SPECIALTY HEALTHCARE, INC. d/b/a  
ONCOLOGY SUPPLY COMPANY  
2801 Horace Shepard Drive  
Dothan, Alabama 36303,

                Plaintiff,

        v.

ROBERT G. HICKES, M.D.  
1301 Trumansburg Road  
Suite Q  
Ithaca, NY 14850,

                Defendant.

CIVIL ACTION

NO.: 1:05cv592 - T

---

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT ROBERT G. HICKES, M.D.

TO:    ROBERT G. HICKES  
       c/o Ellis Brazeal, III, Esquire  
       Walston, Wells, Anderson & Birchall LLP  
       1819 5th Avenue North, Suite 1100  
       Birmingham, Alabama 35203

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, ASD Specialty Healthcare, Inc. d/b/a Oncology Supply Company, by its undersigned counsel, hereby requests you to produce the following described documents for inspection and copying at the offices of Burr & Forman LLP, 3100 SouthTrust Tower, 420 North 20th Street, Birmingham, Alabama 35203, within thirty (30) days of the date of service hereof:

## I.    **DEFINITIONS**

As used in these Requests, the following terms shall have the meaning set forth below:

A.    "Plaintiff" means the Plaintiff, ASD Specialty Healthcare, Inc. d/b/a Oncology Supply Company, and its predecessors-in-interest, and any officers, partners, agents, representatives and/or employees of any of them.

B.    "Hickes" means Robert G. Hickes, M.D., and his agents, representatives and/or employees.

C.    "You" or "your" means Hickes or any other party responding to these Interrogatories.

D.    "Defendant" shall mean Hickes.

E.    "The Action" shall mean the above-captioned action in which a complaint was filed against the Defendant.

F.    "The Complaint" shall mean the Complaint filed at the above-captioned docket number.

G.    "The Answer" shall mean the answer to the Complaint, filed by the Defendant on or about August 26, 2005.

H.    "The Interrogatories" shall mean the Plaintiff's First Set of Interrogatories addressed to the Defendants.

I.    "The Admissions" shall mean the Plaintiff's First Set of Requests for Admissions Directed to the Defendant.

J.    "Person" means any natural individual or any corporation, firm, partnership, proprietorship, association, joint venture, governmental entity or any business organization or any other entity.

K.    "Document" means any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, which is in your possession, custody and/or control, including originals, non-identical copies, and drafts and both written sides of such material, including but not limited to any and all written, filmed, graphic and audio or visually recorded matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, whether performed or reproduced or on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices, or any other media, including but not limited to, papers, books, letters, writings, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, interoffice communications, interoffice communications, memoranda, notes, notations, records, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, meetings, affidavits, statements, CD ROM, floppy or hard disks, charts, graphs, specifications, drawings, blueprints, summaries, opinions, proposals, reports, studies, analyses, audits, evaluations, contracts, agreements, covenants, understandings, permits, licenses, journals, statistical records, ledgers, books of account, bookkeeping entries, financial statements, tax returns, vouchers, checks, check stubs, invoices, receipts, desk calendars, appointment books, diaries, lists, tabulations, summaries, time sheets, logs, sound output, microfilms, microfiches, all records kept by electronic, photographic or mechanical means, tapes, computer tapes, tape recordings, computer printouts, input-output computer systems and all other informal or formal writing or tangible things on which any handwriting, typing, printing, sound signal impulse or symbol is recorded or reproduced and any and all amendments or supplements to any of the foregoing whether

3

prepared by you or any other person, and all things similar to any of the foregoing documents.  If a document is referred to, the reference shall include, but shall not be limited to, the original and each and every copy and draft thereof differing in any way from the original, if an original exists, or each and every copy and draft if no original exists.

  L.  "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

  M.  "Communication(s)" means any manner of transmitting or receiving information, opinions or thoughts, whether orally, in writing or otherwise.

  N.  "All documents" means any and all documents as defined above that are known to you or that can be located or discovered by your reasonably diligent efforts.

## II.  RULES OF CONSTRUCTION

  A.  "All" and "each" shall be construed as both all and each.

  B.  The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that otherwise might be construed to be outside of its scope.

  C.  The singular includes the plural and vice versa.

## III.  INSTRUCTIONS

  a.  Answer each Request separately and fully unless you object to it, in which case you should specifically state the reason for your objection.

  b.  To the extent you object in part to any request, answer that part of the Request in question to which no objection is asserted.

  c.  In answering these Requests, you should furnish all information available to you at the time of answering.

PHIL1 642662-1

d.    Unless otherwise stated, the relevant time period (the "Relevant Period") covering each Request is from January 1, 2003, to the current time.

e.    Where precise or exact information, data or dates are not available or known, state approximate information, data or dates and state that you have done so.

f.    When identifying an individual, state his or her full name; current or last known address; current or last known employer; title or job designation; and an employer and title or job designation at the time of the events referred to in the interrogatory or your answer to it.

g.    In addition, state the person whom the individual was representing or for whom the individual was acting, if any.

h.    When identifying a business organization or governmental entity, state its name and address and the name and address of each of its agents who acted for it with respect to the matters relating to the request in question and your relationship with it.

i.    Whenever you answer a Request on information and/or belief, state the source of your information and/or the basis for your belief.

j.    In each instance where you deny knowledge and/or information sufficient to answer any part of a Request, state the name and address of each person, if any, known or believed to have such knowledge and/or information.

## IV.    REQUESTS FOR PRODUCTION

1.    Any and all documents relating, referring, and/or pertaining to communications between the Defendant and any person, including, without limitation, Plaintiff, relating, referring, and/or pertaining to the subject matter of this Action, including, without limitation:

(a)    amounts paid by or for the benefit of the Hickes to Plaintiff;

(b)    invoices and/or requests for payment from Plaintiff;

(c)    disputes by Hickes to the charges made by Plaintiff; and

(d)    agreements by Hickes to pay Plaintiff the sums due or claimed to be due to it.

**RESPONSE:**

2.    Any and all documents relating, referring, and/or pertaining to payments from or on behalf of Hickes to Plaintiff, including, without limitation, receipts, cancelled checks, confirmation of electronic funds transfers, requests for electronic funds transfers, and/or wire transfers.

**RESPONSE:**

3.    Any and all documents relating, referring, and/or pertaining to the alleged waiver referred to by you in the First Affirmative Defense contained in the Answer.

**RESPONSE:**

4.    Any and all documents relating, referring, and/or pertaining to the defense of estoppel alleged by you in the Second Affirmative Defense contained in the Answer.

**RESPONSE:**

5.    Any and all documents relating, referring and/or pertaining to the defense of lack of personal jurisdiction alleged by you in the Third Affirmative Defense contained in the Answer.

**RESPONSE:**

6.      Any and all documents relating, referring and/or pertaining to the defense of lack of consideration alleged by you in the Fourth Affirmative Defense contained in the Answer.

**RESPONSE:**

7.      Any and all documents you intend to introduce into evidence or otherwise intend to rely upon at the trial of this matter.

**RESPONSE:**

8.      Any and all documents (a) identified and/or referred to by you in, and/or (b) reviewed by you in preparing your answer to the Interrogatories or the Admissions.

**RESPONSE:**

9.      Any and all other documents relevant to the issues in this litigation.

**RESPONSE:**

10.      Any and all documents relating, referring, and/or pertaining to any investigations undertaken by Hickes in connection with this litigation.

**RESPONSE:**

11.      Any and all documents relating, referring and/or pertaining to any defense Hickes believes he has to the claims made against him in this Action.

**RESPONSE:**

12.      Any and all documents relating, referring and/or pertaining to amounts due to Plaintiff from Hickes.

**RESPONSE:**

13.      Any and all documents relating, referring and/or pertaining to invoices and/or requests for payment sent to Hickes by Plaintiff.

7

**RESPONSE:**

14.    Any and all documents relating, referring and/or pertaining to orders placed by Hickes with Plaintiff.

**RESPONSE:**

15.    Any and all documents relating, referring and/or pertaining to returns of merchandise by Hickes to Plaintiff.

**RESPONSE:**

16.    Any and all documents relating, referring and/or pertaining to credits received for the return of merchandise from Hickes to Plaintiff.

**RESPONSE:**

17.    Any and all documents relating, referring pertaining and/or showing any credits to which Hickes believes he is entitled from Plaintiff.

**RESPONSE:**

18.    Any and all documents relating, referring and/or pertaining to your denial that the sums due and owing to Plaintiff from Hickes, as of March 31, 2005, exceeded $177,253.77, plus pre-judgment and post-judgment interest.

**RESPONSE:**

19.    Any and all documents relating, referring and/or pertaining to the denial in the Answer by you of the allegations contained in the following paragraphs of the Complaint:

(a)    2;

(b)    4;

(c)    7;

(d)    8;

(e)    9;

PHL1 642662-1

(f)     10;

(g)     11;

(h)     14;

(i)     15;

(j)     16;

(k)     18;

(l)     22;

(m)     23;

(n)     30;

(o)     31;

(p)     33;

(q)     34; and

(r)     35.

**RESPONSE:**


20.     Any and all documents relating, referring and/or pertaining to meetings between you and any other person (including, without limitation, employees or agents of either of the Defendants) which relate, refer and/or pertain to your relationship with Plaintiff or the subject matter of this Action, including, but not limited to, for each such meeting:

(a)     Notices of said meetings;

(b)     Notes taken by any person at the meeting;

(c)     The agenda for the meeting;

(d)     Documents distributed and/or reviewed at the meeting;

(e)     Correspondence referring, relating and/or pertaining to the meeting;

(f)     Minutes of the meeting; and/or

9

(g)    Drafts of any of the foregoing.

**RESPONSE:**

21.    Any and all documents relating, referring and/or pertaining to your financial condition during the Relevant Period, including, but not limited to:

(a)    Bank Account Statements;

(b)    Certificates of Deposit;

(c)    Income Statements;

(d)    Expense Reports;

(e)    Financial Statements, audited or unaudited;

(f)    General Ledgers;

(g)    Check Registers;

(h)    Accounts Payable Reports;

(i)    Accounts Receivable Reports;

(j)    Accountant work papers; and

(k)    All other books and records.

**RESPONSE:**

22.    Any and all documents relating, referring and/or pertaining to the transfer of any assets or property by you to any third party during the Relevant Period.

**RESPONSE:**

23.    Any and all documents relating, referring and/or pertaining to any dispute by you of any of the amounts invoiced by Plaintiff.

**RESPONSE:**

24.    All passbooks, check registers, and all account statements, and checks, relating thereto, for the Relevant Period, for any account at any bank, savings institution, credit union or

10

other institution in which funds were deposited or withdrawn, held by you, individually or jointly with any other person or entity.

**RESPONSE:**

BURR & FORMAN, LLP

BY: _____

James J. Robinson (ROB013)
Heath A. Fite (FIT011)

Attorneys for Plaintiff

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
3100 SouthTrust Tower
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2005, I caused a true and correct copy of Plaintiff's First Set Of Requests For Production of Documents Addressed To Defendant, Robert G. Hickes, M.D., to be served on the following by hand delivery:

> Ellis Brazeal, III, Esquire
> Walston, Wells, Anderson & Birchall LLP
> 1819 5th Avenue North, Suite 1100
> Birmingham, Alabama 35203

_____
Of Counsel