IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ONCOLOGY SUPPLY COMPANY )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROBERT G. HICKES, M.D. )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>1:05CV592-T |

**OBJECTION TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT**

COMES now ROBERT G. HICKES, M.D. ("Defendant"), and for his response to plaintiff's first set of interrogatories says as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to each and every discovery request to the extent that the information or documents called for, if any, were obtained and/or prepared in anticipation of litigation or for trial, and plaintiff has made no showing that he has substantial need for the materials or information in the preparation of this case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials or information by other means.

2. Defendant objects to each and every discovery request to the extent that the information or documents called for, if any, are privileged and are not discoverable.


EXHIBIT B

3. Defendant objects to each and every discovery request to the extent that the information or documents called for, if any, are protected by the attorney/client privilege or work product immunity or other applicable privileges or immunities.

4. Defendant objects to each and every discovery request to the extent that the information or documents requested, if any, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to each and every discovery request to the extent that it seeks discovery that it is unreasonably cumulative or duplicative or is a request for information that is equally available to the plaintiff.

6. Defendant objects to each and every discovery request to the extent that it is ambiguous and/or unduly burdensome.

7. Defendant objects to each and every discovery request to the extent that it is not appropriately limited by reference to a relevant time period, scope, or area.

8. Defendant objects to each and every discovery request to the extent that the information or documents requested, if any, are confidential, financial, or proprietary business information.

9. Defendant objects to each and every discovery request to the extent that it seeks the identification of documents, writings, records or publications in the public domain since such information is equally available to defendant.

10. Defendant reserve the right to supplement their responses to Plaintiff's Request for Production of Documents and Defendant's First Set of Interrogatories to Defendant upon completion of further discovery.

\s\ C. Ellis Brazeal III
C. Ellis Brazeal III
Attorney for Defendant, Robert G. Hickes, M.D.

**OF COUNSEL:**

Walston, Wells, & Birchall, LLP
1819 5th Avenue North
Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5237
Telecopier: (205) 244-5437

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Response to Plaintiff's First Set of Interrogatories to Defendant has been served electronically to the following said individuals and/or by placing same in the U.S. First Class Mail, as follows:

James J. Robinson
Heath A. Fite
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

This the \17th\ day of November, 2005.

\s\ C. Ellis Brazeal III
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ONCOLOGY SUPPLY COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT G. HICKES, M.D.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.<br>                   1:05CV592-T |

**OBJECTION TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

COMES now ROBERT G. HICKES, M.D. ("Defendant"), and for his objection to plaintiff's first set of interrogatories says as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to each and every discovery request to the extent that the information or documents called for, if any, were obtained and/or prepared in anticipation of litigation or for trial, and plaintiff has made no showing that he has substantial need for the materials or information in the preparation of this case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials or information by other means.

2. Defendant objects to each and every discovery request to the extent that the information or documents called for, if any, are privileged and are not discoverable.

3.  Defendant objects to each and every discovery request to the extent that the information or documents called for, if any, are protected by the attorney/client privilege or work product immunity or other applicable privileges or immunities.

4.  Defendant objects to each and every discovery request to the extent that the information or documents requested, if any, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5.  Defendant objects to each and every discovery request to the extent that it seeks discovery that it is unreasonably cumulative or duplicative or is a request for information that is equally available to the defendant.

6.  Defendant objects to each and every discovery request to the extent that it is ambiguous and/or unduly burdensome.

7.  Defendant objects to each and every discovery request to the extent that it is not appropriately limited by reference to a relevant time period, scope, or area.

8.  Defendant objects to each and every discovery request to the extent that the information or documents requested, if any, are confidential, financial, or proprietary business information.

9.  Defendant objects to each and every discovery request to the extent that it seeks the identification of documents, writings, records or publications in the public domain since such information is equally available to plaintiff.

10. Defendant reserves the right to supplement their responses to Plaintiff's Request for Production of Documents and Defendant's First Set of Interrogatories to Defendant upon completion of further discovery.

11. These "general objections" are applicable to and incorporated into each of defendants responses, *infra*, as if specifically stated therein. The stating of a specific objection to a particular request shall not be construed as a waiver of defendants' "general objections." Unless otherwise specifically stated, defendants' objections to each discovery request apply to the entire request, including each and every subsection and/or subpart of the request.

In specific response to the numbered paragraphs of the requests for production, Hickes says as follows:

21. Defendant objects to this request since these documents have no relevance to any issues in the case. While these documents might be relevant in asset discovery if a judgment is obtained, these documents have no relevance to the dispute contained in this lawsuit.

22. See response to request Number 21.

24. See response to request Number 21.

\s\ C. Ellis Brazeal III
C. Ellis Brazeal III
Attorney for Defendant, Robert G. Hickes, M.D.

**OF COUNSEL:**

Walston, Wells, & Birchall, LLP
1819 5th Avenue North
Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5237
Telecopier: (205) 244-5437

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Objection to Plaintiff's First Set of Request For Production has been served electronically to the following said individuals and/or by placing same in the U.S. First Class Mail, as follows:

James J. Robinson
Heath A. Fite
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

This the \17th\ day of November, 2005.


\s\ C. Ellis Brazeal III
OF COUNSEL