# BURR & FORMAN LLP

ATTORNEYS AND COUNSELORS

420 North Twentieth Street, Suite 3100
Birmingham, Alabama 35203-5206

(205) 251-3000
(205) 458-5100 (Fax)

Heath A. Fite
Direct Dial: (205) 458-5112
Direct Fax: (205) 244-5636
Email: hfite@burr.com

November 30, 2005

**VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL**

Ellis Brazeal, III, Esq.
WALSTON, WELLS, ANDERSON & BIRCHALL LLP
1819 5th Avenue North
Suite 100
Birmingham, Alabama 35203


EXHIBIT D

Re: *ASD Specialty Healthcare, Inc. v. Robert G. Hickes, M.D.*
In the U.S. District Court for the Middle District of Alabama, Southern Division
Civil Action Number 1:03-CV-592-T

Dear Ellis:

I hope that your holidays were enjoyable and that this letter finds you and your family well. I write to confer about your failure to comply with the initial disclosure requirements and to provide responses to my discovery requests propounded in this action that conform with the Federal Rules of Civil Procedure.

I haven't received any initial disclosures as required by Federal Rule of Civil Procedure 26(a). I have checked the Federal Rules as well as the Local Rules and confirmed that this action is not exempted from that requirement. I remind you that you yourself agreed to provide initial disclosures by October 14, 2005, and that this is not the first time we have communicated about this issue. After my October 18, 2005, correspondence asking you when I would expect the pre-discovery disclosures, you told me that I would receive them imminently. As you know, six (6) weeks later, I still haven't received them.

Although I have received your responses to the Interrogatories, and Requests for Production, they plainly do not comply with the requirements of the Federal Rules. You only provided me with "general objections" to these requests which do not conform with the requirements of Rules 33 and 34. I remind you that Rule 33 provides that each interrogatory is to be answered separately and that "grounds for an objection to an interrogatory shall be stated with specificity." Furthermore, any ground not stated in a timely objection is waived absent the court's excusal for good cause shown. Similarly, Rule 34 requires that the "reason for the objection shall be stated" with respect to each request. Your general objections plainly do not conform with these requirements. I further note that these discovery requests are far from "boilerplate" questions. They are specifically tailored to the issues in this lawsuit and, in particular, seek the information and documents which relate directly to the denials and defenses

Birmingham • Montgomery • Atlanta • Jackson

1416522

BURR & FORMAN LLP

Ellis Brazeal, III, Esq.
November 30, 2005
Page 2

---

of your answer. If you wish to argue that any of these requests are in any way inappropriate, I believe you have an uphill battle ahead of you.

The discovery deadline entered in this action is February 28, 2005. Accordingly, I would be doing a disservice to my client were I not to insist upon imminent good faith compliance with these requirements. Because the discovery deadline affords us little time, I will be forced to take up these matters with the court via a motion to compel or a motion to strike unless I am in receipt of your initial disclosures and good faith responses to my interrogatories and requests for production by Wednesday, December 7, 2005. Furthermore, I will not hesitate to seek the imposition of sanctions as provided by Rule 37(c)(1) or otherwise.

I thank you for your attention and ask that you not hesitate to call me should you wish to discuss.

Very truly yours,

Heath A. Fite

HAF/njh

1416522