IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, ) | |
| INC, e/b/a ONCOLOGY SUPPLY ) | |
| COMPANY, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05CV592-MHT |
| ) | [WO] |
| ROBERT G. HICKES, M.D., etc., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

On 6 February 2006, the plaintiff filed a Motion to Compel Initial Disclosures and Responses to Interrogatories and Requests For Production of Documents (Doc. # 25). The defendant had not filed any of his initial disclosures when the motion was filed. In response to the plaintiff's Interrogatories, the defendant objected to all of the requests, alternately on the grounds that (1) the documents were prepared in anticipation of litigation, (2) the documents are privileged (including the attorney-client privilege) and not discoverable, (3) the requests are "unreasonably cumulative or duplicative" and refer to information "equally available to the plaintiff, (4) the requests are ambiguous, confidential, financial, or proprietary business information, and (5) the request is not "appropriately limited by reference to a relevant time period, scope, or area".

The court has examined the plaintiff's discovery requests and the defendant's objections and FINDS that the objections should be overruled. In its interrogatories, the

plaintiff asks for such information as

- the identity of the persons answering the interrogatories;
- the identity of prospective witnesses;
- the factual basis for certain of the defendant's denials in his Answer;
- the factual bases of the defenses asserted by the defendant; and
- identification of documents upon which the defendant will rely.

These documents and this information is not irrelevant and many of the documents are eminently discoverable. It is difficult, if not impossible, to imagine information more relevant than the identify of prospective witnesses or the factual bases of the defendant's asserted defenses in this lawsuit.

Moreover, to the extent that the defendant has alleged that some of the information or documents are "privileged", the defendant has not submitted a privilege log or otherwise attested to the nature of the privilege. Neither the plaintiff or the court can discern the nature of the referenced documents, making it impossible to assess the legitimacy of the defendant's objections. Rule 26 of the *Federal Rules of Civil Procedure* sets forth a specific procedure for asserting privilege:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation materials, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Rule 26 (b) (5), *Fed. R. Civ. Pro.*

    Because all counsel - who are officers of this court - are charged with knowledge and understanding of the rules of civil procedure, the court concludes that the defendant's responses were devised and served in bad faith, with no sign of even the slightest effort to provide the requested information. When combined with the defendant's utter failure to provide initial disclosures - almost five months after the scheduling order (See Doc. # 8) and after several reasonable requests from the plaintiff - the defendant's objections are vexatious.

    Accordingly, it is ORDERED as follows:

1. On or before 15 February 2006, the defendant shall provide complete initial disclosures to counsel for the plaintiff.

2. On or before 17 February 2006, the defendant shall provide complete responses to the plaintiff's interrogatories.

3. On or before 20 February 2006, the defendant shall provide complete responses to the plaintiff's requests for production.

4. If the defendant insists upon asserting privilege or trial preparation as grounds for continuing objections to the discovery requests, the defendant must, with respect to each discovery request, do the following: (a) establish, by affidavit or a competent witness or other evidence, all facts essential to the establishment of the privilege; (b) file a brief of law specifically defining the privilege relied upon and citing legal authorities for the proposition that it

applies to the specific documents or category of documents for which protection is sought; (c) notify the court that all so-called privileged documents are in the possession of defendant's counsel; and (d) otherwise comply with the court's Guidelines For Civil Discovery.[1]

The defendant is CAUTIONED that, if the court is required to examine the documents

---

[1]The objecting party must provide supporting factual detail as follows:

a. For documents.
    (i) Description of what the document is.
    (ii) Its date.
    (iii) Name, address and employer of the author of the document, or the person taking the statement or the like.
    (iv) Subject of the document.
    (v) Persons to whom the document is addressed.
    (vi) Persons indicated thereon as having received copies.
    (vii) Name, address, job title and employer of any person known or believed to have received or seen the document or any copy or summary thereof.
    (viii) Purpose for which the document was created and transmitted.
    (ix) Degree of confidentiality with which it was treated at the time of its creation and transmission, and since.
    (x) Any other facts relevant to the elements of the particular privilege asserted.

b. For oral communications.
    (i) Who made the communication.
    (ii) Date it was made.
    (iii) To whom it was made.
    (iv) Who was present or was in hearing distance at the time it was made.
    (v) Purpose of the communication.
    (vi) Subject matter of the communication.
    (vii) General circumstances regarding its confidentiality at the time it was made and since.
    (viii) Any other facts relevant to the element of the particular privilege asserted.

to resolve any issues of privilege and determines that this basis of objecting to providing the discovery responses was not warranted, the court will impose monetary sanctions commensurate with the (1) delay, inconvenience, and prejudice to the plaintiff, and (2) the disruption of the court's administration of its caseload.

DONE this 7th day of February, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE