IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, ) <br> INC., doing business as ) <br> Oncology Supply Company, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT G. HICKES and ) <br> ROBERT G. HICKES, ) <br> M.D., P.C., ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. <br> 1:05cv592-MHT <br> (WO) |

OPINION

This cause is before the court on a motion for summary judgment filed by plaintiff ASD Specialty Healthcare. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." The evidence before the court is undisputed by defendant Robert G. Hickes, and is as follows.

Hickes, a physician, contracted with ASD to purchase pharmaceutical and other goods at various times. ASD sold and delivered these goods, but did not receive payment for goods purchased on credit. ASD filed a complaint against Hickes asserting claims of breach of contract, breach of account stated, claim for open book account, and unjust enrichment.

ASD has offered evidence in the form of Hickes's responses to ASD's requests for admission, in which Hickes acknowledges that he breached the terms of his agreement with ASD and that he owes ASD an outstanding principal balance of $ 177,253.77. ASD also claims interest on this principal sum at the rate of 6 % per annum, pursuant to 1975 Alabama Code § 8-8-1, from April 16, 2005, through the date of judgment.

1975 Alabama Code § 8-8-1 sets the maximum interest rate, where none is contractually specified, at 6 % per annum. 1975 Alabama Code § 8-8-10 provides that interest accrues from the date of the cause of action. For the

purposes of this litigation, ASD has stipulated that interest should be calculated from April 16, 2005, the date that the last outstanding invoice to Hickes became due, and has agreed to forgo interest on previous outstanding invoices that became due before that date. See memorandum of law in support of plaintiff's motion for summary judgment (Doc. No. 18), pp. 9-10, n. 3.

Because this is the only evidence before the court, and because this evidence is not opposed by Hickes, who has filed no response to the motion for summary judgment, the court finds that there is no genuine issue of material fact, and ASD's motion for summary judgment is due to be granted.

The claims against the other defendant, Robert G. Hickes, M.D., P.C., remain pending.

An appropriate judgment will be entered.

DONE, this the 23rd day of February, 2006.

          /s/ Myron H. Thompson
         UNITED STATES DISTRICT JUDGE