IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY COMPANY<br>2801 Horace Shepard Drive<br>Dothan, Alabama 36303,<br><br>          Plaintiff,<br><br>v.<br><br>ROBERT G. HICKES, M.D. and ROBERT G. HICKES, M.D., P.C.<br>1301 Trumansburg Road, Suite Q<br>Ithaca, NY 14850,<br><br>          Defendant. | CIVIL ACTION<br><br>NO.: 1:05-cv-592-MHT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("ASD") hereby submits this memorandum of law in support of its motion for summary judgment on Counts V and VI of its First Amended Complaint against the defendant Robert G. Hickes, M.D., P.C. (the "Company").

### I. INTRODUCTION

ASD originally brought suit against the individual defendant Robert G. Hickes ("Hickes") to recover sums due from Hickes pursuant to a contractual relationship whereby Hickes ordered and received medical and pharmaceutical products from ASD. In response to Requests for Admissions served upon him, Hickes, the principal of the Company, has admitted that the products in question were ordered for the benefit of the Company and that ASD is owed the principal sum of $177,253.77 for those products. Accordingly, there is no dispute as to those

material facts, and ASD is entitled, as a matter of law, to judgment against the Company on Counts V through VI of ASD's First Amended Complaint.

## II. STATEMENT OF UNDISPUTED FACTS:

1. ASD is a supplier of medical and pharmaceutical products. (Ex. 1, Compl. ¶ 6; Ex. 2, Req. for Adm. ¶ 1; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1; Ex. 5, Am. Compl. ¶ 7.)[1]

2. At all times relevant hereto, and as set forth more fully below, Hickes (a) solicited business with, (b) negotiated with, (c) had products shipped by, (d) communicated with, (e) submitted documents to, and (f) contracted with ASD in Dothan, Alabama. (Ex. 1, Compl ¶ 7; Ex. 2, Req. for Adm. ¶ 1; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1; Ex. 5, Am. Compl. ¶ 8.)

3. At various times and at Hickes' request, ASD sold and delivered to Hickes pharmaceutical and other products (the "Goods"). (Ex. 1, Compl. ¶ 8; Ex. 2, Req. for Adm. ¶ 1; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1; Ex. 5, Am. Compl. ¶ 9.)

4. Despite demand, Hickes failed to make payment for certain Goods that he purchased on credit. (Ex. 1, Compl. ¶ 9; Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 5, Am. Compl. ¶ 10.)

5. As of March 31, 2005, the total principal balance due to ASD exceeded $177,253.77. (Ex. 1, Compl. ¶ 11; Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 5, Am. Compl. ¶ 12.)

---

[1] All Exhibits referenced herein are attached to Plaintiff's Second Motion for Summary Judgment.

6.  ASD has complied with its contractual obligations by supplying the Goods to Hickes on his own behalf and on behalf of the Company, and invoicing them for payment. (Ex. 1, Compl. ¶ 13; Ex. 2, Req. for Adm. ¶¶ 1, 9; Ex. 3, Resp. to Req. for Adm. ¶¶ 1, 9; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1; Ex. 5, Am. Compl. ¶ 15.)

7.  Despite the fact that ASD sent invoices to Hickes and demanded payment for the Goods supplied, Hickes and the Company failed to make payment to ASD, in accordance with his obligations. (Ex. 1, Compl. ¶ 14; Ex. 2, Req. for Adm. ¶¶ 2, 9, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 9; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 2, 24, 25; Ex. 5, Am. Compl. ¶ 16.)

8.  Nor has Hickes or the Company ever objected to the amounts shown on ASD's outstanding invoices. (Ex. 1, Compl. ¶ 21; Ex. 2, Req. for Adm. ¶ 5; Ex. 3, Resp. to Req. for Adm. ¶ 5; Ex. 5, Am. Compl. ¶ 23.)

9.  Hickes and the Company have refused to return the Goods and/or to pay for them. (Ex. 1, Compl. ¶ 34; Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 5, Am. Compl. ¶ 36.)

10. On or about June 21, 2005, ASD filed a complaint (the "Complaint") against Hickes. (See Ex. 1, Compl.)

11. The Complaint asserted causes of action for Breach of Contract (Count I), Breach of Account Stated (Count II), Claim for Open Book Account (Count III), and Unjust Enrichment (Count IV). (See id.)

12. On or about August 26, 2005, Hickes filed an answer to the Complaint.

13. In October, 2005, ASD served discovery requests upon Hickes. (See Ex. 2, Req. for Adm.)

14. On November 17, 2005, Hickes served upon counsel for ASD his Response to Request for Admission (the "Initial Admissions Responses"). (See Ex. 3, Resp. to Req. for Adm.).

15. In response to ASD's first request for admissions (the "Requests"), Hickes answered certain of the Admissions Requests as follows:

**REQUEST FOR ADMISSION NO. 1**

Admit that, beginning in 2004, Hickes ordered and received from Plaintiff medical, pharmaceutical and other products on an ongoing basis.

**RESPONSE:**

Denied. However, admitted that Hickes' professional corporation ordered and received such products.

(Ex. 2, Req. for Adm. ¶ 1; Ex. 3, Resp. to Req. for Adm. ¶ 1.)

16. Accordingly, this fact is now "conclusively established."[2]

17. Subsequently, Hickes supplemented the Initial Admissions Responses and served amended responses (the "Amended Admissions Responses"). (See Ex. 4, Am. Resp. to Req. for Adm.)

18. In the Amended Admissions Responses, Hickes admitted the following requests:

**REQUEST FOR ADMISSION NO. 2**

Admit that, as of March 31, 2005, the total principal balance due to Plaintiff from Hickes for goods shipped to or for the benefit of Hickes was in excess of $177,253.77.

**RESPONSE:**

Admitted.

---

[2] Although Hickes subsequently amended this response to make it an unequivocal admission, with no reference to the Company, this amendment cannot alter the fact that Hickes already admitted that the Goods were ordered on behalf of, and delivered for the use of, the Company

**REQUEST FOR ADMISSION NO. 24**

Admit that you breached the terms of the agreement between you and the Plaintiff.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 25**

Admit that the summary attached hereto as Exhibit "B" accurately reflects the outstanding principal balance owed by you to the Plaintiff.

**RESPONSE:**

Admitted.

(Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25.)

19.   On or about February 23, 2006, the Court entered summary judgment in favor of ASD and against Hickes.

20.   On January 25, 2006, ASD filed its First Amended Complaint, with leave of Count, to add the Company as a defendant and to assert counts V and VI against the Company, based upon theories of unjust enrichment and breach of open book account. (See Ex. 5, Am. Compl.)

21.   On or about February 28, 2006, the Company filed its answer to the First Amended Complaint. (See Ex. 6, Company's Ans.)

### III. ARGUMENT

**A.   Legal Standards**

Rule 56(c) of the Federal Rules of Civil Procedure provides that district courts shall enter summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). Summary judgment is "an integral part of the Federal Rules" that "must be construed with due regard . . . for the rights of persons opposing [ ] claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The party opposing summary judgment cannot rest merely upon "bare assertions, conclusory allegations, or suspicions." Kelly v. Drexel Univ., 907 F. Supp. 864, 870 (E.D. Pa. 1995), aff'd, 94 F.3d 102 (3d Cir. 1996). Rather, he or she must produce evidence that corroborates the adverse allegations and demonstrates a real factual dispute about a material issue that can be resolved only by a trial. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. Thomas v. Brown, 969 F. Supp. 956, 958-59 (E.D. Pa. 1997). To survive a summary judgment motion, the non-moving party must raise "more than a mere scintilla of evidence in its favor." Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989). The evidence produced must be sufficient for a jury to return a verdict in the non-moving party's favor. Anderson, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

In this case, because there are no genuine disputes about any material fact concerning the Company's acknowledged unjust enrichment, failure to pay ASD despite being invoiced, or the outstanding indebtedness, the Court should enter summary judgment in favor of ASD on Counts V and VI of its First Amended Complaint.

### B. It is Conclusively Established The Company Is Liable to ASD as Claimed In Counts V and VI of ASD's Complaint

Federal Rule of Civil Procedure 36 ("Rule 36") provides that a party may serve upon any other party "a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope [of the discovery rules]." Fed. R. Civ. P. 36(a). Rule 36(b) states, in relevant part, as follows:

> Any matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission.

Fed. R. Civ. P. 36(b) (emphasis added).

Accordingly, it is "conclusively established" for the purposes of this action that:

(a) beginning in 2004, the Company ordered and received from Plaintiff medical, pharmaceutical and other products on an ongoing basis, (Ex. 2, Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶ 1);

(b) as of March 31, 2005, the total principal balance due to ASD from Hickes for goods shipped to or for the benefit of the defendants was in excess of $177,253.77, (Ex. 2, Req. for Adm. ¶ 2; Ex. 4, Am. Resp. to Req. for Adm. ¶ 2);

(c) The Defendants breached the terms of the agreement between them and ASD (Ex. 2, Req. for Adm. ¶ 24; Ex. 4, Am. Resp. to Req. for Adm. ¶ 24); and

(d) the summary attached as Exhibit "B" to the Admissions Requests showing the outstanding principal balance owed to ASD as being $177,253.77 accurately reflects the outstanding principal balance owed by Hickes to ASD as of October 2005, (Ex. 2, Req. for Adm. ¶ 25; Ex. 4, Am. Resp. to Req. for Adm. ¶ 25).

Moreover, on February 23, 2006, the Court entered Summary judgment (the "Hickes Judgment") in favor of ASD and against Hickes. In the Hickes Judgment, the Court already ruled upon the damages owed to ASD. Accordingly, that issue is resolved as law of the case.

**C.** **ASD Is Entitled to Judgment In Its Favor On Count V of Its First Amended Complaint**

Similarly, there are no genuine issues of material fact to prevent summary judgment against Hickes on ASD's claim of unjust enrichment. Under Alabama law, the elements to be proven for unjust enrichment are: (1) a benefit is conferred on defendant by plaintiff; (2) appreciation of such benefit by defendant; and (3) acceptance and retention of such benefit under such circumstances that it be inequitable for defendant to retain the benefits without payment of value. See, e.g., American Family Care, Inc. v. Fox, 642 So. 2d 486, 488 (1994); G.S. Gothard & Son Contractors, Inc. v. Mansel, 611 So. 2d 1101, 1103 (1992).

By conceding that the Company ordered and received the Goods from ASD, that ASD has not been paid for those Goods, and the value of those Goods, Hickes has admitted that the Company has been enriched at ASD's expense in the principal amount of $177,253.77. (Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25.) Thus, the Company had a benefit conferred on it by ASD to the tune of $177,253.77 to which the Company was not entitled without payment. Moreover, because the Company never had any right to take and retain the Goods for its own use, it would be inequitable and unjust to allow the Company to have use of the Goods without paying ASD fair value. For these reasons, there is no genuine issue of material fact that ASD is entitled to judgment, as a matter of law, against the Company on Count V of ASD's Complaint.

D.  **ASD Is Entitled to Judgment On Count VI of Its Complaint**

By acknowledging that the Company received products from ASD on an ongoing basis, and that he failed to pay for those products, Hickes has admitted the elements necessary for ASD to prevail on Count VI of the Complaint. Additionally, Hickes has never claimed that he or the Company ever objected to invoices delivered to him by ASD. (Ex. 2, Req. for Adm. ¶¶ 1, 2, 24, 25; Ex. 3, Resp. to Req. for Adm. ¶ 1; Ex. 4, Am. Resp. to Req. for Adm. ¶¶ 1, 2, 24, 25.) There is therefore no issue of material fact to prevent summary judgment on those two counts of the Complaint. See e.g. Wilhite v. Beasley, 497 So. 2d 103 (Ala. 1986); Plymel v. B.W. Projects, Inc., 632 So. 2d 453 (Ala. 1993).

E.  **ASD Is Entitled to Prejudgment Interest**

Under controlling Alabama Law, ASD is entitled to an award of prejudgment interest from the date ASD's cause of action accrued. Section 8-8-1 of the Code of Alabama states that "[e]xpert as otherwise provided by law" the maximum interest rate relating to contracts that specify no interest rate is six percent (6%) annually. Based upon this language, and the provisions of § 8-8-10 of the Code of Alabama, which authorizes prejudgment interest from the date of a cause of action, ASD is entitled to an award of pre-judgment interest at the annual rate of six percent (6%) (or $29.14 per day) from April 16, 2005, the date on which the last outstanding invoice became past due, until the date of entry of judgment. Burgess Mining and Construction Corp. v. Lees, 440 So. 2d 321, 337-38 (1983).[3]

---

[3] Although ASD's cause of action actually occurred on January 8, 2005, the date on which the first outstanding invoice became past due, for ease of calculation, ASD agrees to forego the interest due to it for the period between January 8, 2005 and April 16, 2005. See Admissions Request 25, and at Exhibit "B" and Amended Admissions Response 25. The per diem rate is calculated as follows:

$$\frac{0.06 \times \$177,253.77}{365 \text{ days}} = \$29.14 \text{ per day}.$$

## IV. CONCLUSION

For all the foregoing reasons, ASD's Second Motion for Summary Judgment should be granted and the attached proposed order should be entered.[4]

                              Respectfully submitted,

                              /s/ Heath A. Fite_____
                              Heath A. Fite (FIT011)

                              Attorney for Plaintiff

**OF COUNSEL:**
**Burr & Forman, LLP**
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

---

[4] Throughout this brief, ASD relies on several documents that are attached hereto as exhibits. Under Fed. R. Civ. P. 56, a court ruling on a summary judgment motion may only consider information offered through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," and thus, documentary evidence that is relied upon in moving for a summary judgment must be "sworn or certified" as authentic in an affidavit, answer to interrogatory, deposition or admission before it can be considered by the Court. Fed. R. Civ. P. 56(e); Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990) ("It is well-established that unauthenticated documents cannot be considered on a motion for summary judgment."); 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2722 at 383. The documents that ASD relies on herein are authenticated as follows:

Exs. 1, 5 and 6 are pleadings filed as a public record in this Court under F.R.E. 901(b)(7).
Ex. 2 is a set of Requests for Admissions.
Exs. 3 and 4 are Answers to Requests for Admissions.

1452101                              10

## CERTIFICATE OF SERVICE

    I hereby certify that on the 5th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties, including Clyde Ellis Brazeal, III.

 

                                s/Heath A. Fite  
                                Of Counsel