IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ONCOLOGY SUPPLY COMPANY 2801 Horace Shepard Drive, Dothan, Alabama 36303,<br><br>     Plaintiff,<br><br>vs.<br><br>ROBERT G. HICKES, M.D., 1301 Trumansburg Road, Suite Q Ithaca, New York 14850,<br><br>     Defendant. | CV ACTION NO.: 1:05CV592-T |

**RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

COMES now defendant Robert G. Hickes, P.C. (the "PC"), and for its response to the motion for summary judgment by the plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("ASD"), files the Affidavit of Robert Hickes ("Affidavit") and says as follows:

**Facts**

1. Prior to October, 2003, Dr. Hickes was in medical practice with Dr. Tyler. They dealt with ASD for some 15 to 20 years. *See Affidavit,* ¶ 4.

2. After Dr. Tyler retired, Dr. Hickes continued to utilize products from ASD. ASD invoiced Dr. Hickes for the products, not the P.C. *Id. at 5.*

3. ASD never requested that the P.C. sign a guaranty or any other commitment to pay for the products which were invoiced to Dr. Hickes. *Id at 6.*

1

4. All of the products which are the subject of this action were invoiced to Dr. Hickes, not the P.C. *Id.* at 7.

5. A judgment has been rendered against Dr. Hickes. *See Order dated February 23, 2006.*

## Summary of Argument

In this case, ASD seeks summary judgment against the PC, after already obtaining summary judgment against Dr. Hickes individually. The plaintiff is proceeding on the theory of quasi-contract or unjust enrichment. Neither of these is availing to the plaintiff where the plaintiff had contracted with, and therefore anticipated payment from, Dr. Hickes all along, not the PC.

## Argument

The doctrine of quasi-contract prevents the unjust enrichment of one "who knowingly accepts and retains a benefit provided at the detriment of another, who has a reasonable expectation of compensation." American Family Care, Inc. v. Fox, 642 So. 2d 486, 488 (Ala. Civ. App. 1994) (citing Utah Foam Prods., Inc. v. Polytec, Inc., 584 So. 2d 1345, 1350 (Ala. 1991) ("It is well settled in Alabama that in order to succeed on a claim of unjust enrichment, the plaintiff must show that it had a reasonable expectation that there would be compensation [from the defendant] for the services."); Opelika Prod. Credit Ass'n v. Lamb, 361 So. 2d 95 (Ala. 1978)). The plaintiff bears the burden of proving the elements of unjust enrichment and the reasonable value of the unjust enrichment. Id. at 488.

In American Family Care, Inc. v. Fox, 642 So. 2d 486 (Ala. Civ. App. 1994), a case chiefly relied upon by the plaintiff, ASD, in their memorandum in support of

summary judgment, the plaintiff, a medical care provider, rendered medical services to the husband of the defendant. The husband was the only party contractually obligated to pay. The husband was unable to pay, and the plaintiff sued the defendant seeking recovery under a theory of unjust enrichment. The plaintiff sought to establish that the defendant, by accepting the benefit of the husband's medical treatment, was unjustly enriched. The principal issue before the Court was whether or not the defendant was unjustly enriched by the "knowing acceptance of a benefit" provided by the plaintiff for which the plaintiff could "reasonably expect compensation." Id. at 488. The Court held that the plaintiff had not met the burden necessary to establish unjust enrichment. Id. In support of its holding, the Court stated that "when [the plaintiff] treated [the husband], it obviously expected him to pay for the medical services it rendered. Any benefit conferred upon [the defendant] arising from [the plaintiff's] treatment of [the husband] was 'purely incidental.'" Id. (quoting Utah Foam Prods., Inc. v. Polytec, Inc., 584 So. 2d 1345, 1351 (Ala. 1991)).

The case at bar is factually identical to American Family Care, Inc. v. Fox. The plaintiff, ASD, sold medical supplies to Dr. Hickes in his individual capacity and did not obtain a contractual guarantee of payment from his professional corporation, the P.C. As evidenced by ASD's failure to obtain a contractual guarantee from the P.C., Dr. Hickes was the only individual or entity that ASD obviously expected to pay for the medical supplies. As such, the only entity or individual to which ASD could look to and "reasonably expect compensation" is Dr. Hickes, not the P.C. See Utah Foam Products, Inc. v. Polytec, Inc., 584 So. 2d 1345, 1350 (Ala. 1991) (stating that "there can be no recovery for services [or products] . . . where there is no expectation of payment.")

3

Finally ASD claims that the PC admitted to receiving the "benefit" from the products. However, the request for admission did not address benefit, but rather only that the products were "ordered and received." Moreover, this initial response was later amended. Even if the P.C. had admitted to the receipt of benefit, under the <u>American Family Care v. Fox</u> opinion, such would only have been an "incidental" benefit since Dr. Hickes, not the P.C., contracted to pay for the products.

## Conclusion

Simply put, ASD cannot contract with one person and then expect to receive payment from another. The doctrine of quasi-contract applies where there is no contract. In this case, there was a contract, and ASD seeks to recover not only from the contracting party, but from another party as well. ASD's motion for summary judgment should be denied.

          Respectfully submitted,

          <u>\s\ C. Ellis Brazeal III</u>
          Attorney for Defendant, Robert G. Hickes, M.D., P.C.

**OF COUNSEL:**

Walston, Wells, & Birchall LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5237
Telecopier: (205) 244-5437

**CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the foregoing Response to Motion for Summary Judgment has been severed electronically to the following said individuals and/or by placing same in the U.S. First Class Mail, as follows:

Heath A. Fite
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

This the \24$^{th}$\ day of April, 2006.

                              \s\ C. Ellis Brazeal III
                              OF COUNSEL