IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY, 2801 Horace Shepard Drive Dothan, Alabama 36303, <br><br> Plaintiff, <br> v. <br><br> ROBERT G. HICKES, M.D. 1301 Trumansburg Road, Suite Q Ithaca, NY 14850, <br><br> and <br><br> ROBERT G. HICKES, M.D., P.C. 1301 Trumansburg Road, Suite Q Ithaca, NY 14850, <br><br> Defendant. | CIVIL ACTION <br><br> NO.: 1:05cv592 -MHT |

## SECOND AMENDED COMPLAINT

The plaintiff, ASD Specialty Healthcare, Inc., ("ASD"), d/b/a Oncology Supply ("OSC"), by and through its counsel, hereby files this Second Amended Complaint, and in support hereof avers as follows:

## THE PARTIES

1. ASD Specialty Healthcare, Inc. is a California corporation with its principal place of business in Texas. ASD Specialty Healthcare, Inc. operates under various d/b/a's or trade names, including Oncology Supply, which maintains an office at 2801 Horace Shepard Drive, Dothan, Alabama.

2. Upon information and belief, Hickes is an adult individual and citizen of the State of New York, with an address of 1301 Trumansburg Road, Suite Q, Ithaca, New York 14850.

PHIL1 652935-2

EXHIBIT A

3. Upon information and belief, the Professional Corporation is a professional corporation organized and existing pursuant to the laws of the State of New York, with a last-known address of 1301 Trumansburg Road, Suite Q, Ithaca, New York 14850.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because (a) the plaintiff is a citizen of the State of California and State of Texas, (b) the defendant is a citizen of the State of New York, and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Defendants Hickes and the Professional Corporation are subject to personal jurisdiction in this judicial district because, inter alia, they conduct business and reside in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district.

## BACKGROUND

7. OSC is a supplier of medical and pharmaceutical products.

8. At all times relevant hereto, and as set forth more fully below, Hickes (a) solicited business with, (b) negotiated with, (c) had products shipped by, (d) communicated with, (e) submitted documents to, and (f) contracted with OSC in Dothan, Alabama.

9. At various times and at Hickes' request, OSC sold and delivered to Hickes pharmaceutical and other products (the "Goods") on open account.

10. Despite demand, Hickes failed to make payment for certain Goods that it purchased on credit.

2

11. As a result of Hickes' defaults, all sums owed by them to OSC are immediately due and payable in full.

12. As of March 31, 2005, the total principal balance due to OSC, from Hickes and Smith exceeded $177,253.77.

13. Upon information and belief, some or all of the Goods were ordered by Hickes, or by the Professional Corporation unbeknownst to OSC, for the express purpose of use by the Professional Corporation, which he owns and controls, thereby unjustly enriching the Professional Corporation, at OSC's expense, in an amount in excess of $177,253.77.

## COUNT I
## BREACH OF CONTRACT
## OSC V. HICKES

14. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

15. OSC has complied with its contractual obligations by supplying the Goods to Hickes, and invoicing Hickes for payment.

16. Hickes failed despite the fact that OSC sent invoices to Hickes and demanded payment for the Goods supplied, Hickes failed and refused, and continues to fail and refuse, to make payment to OSC, in accordance with its obligations under the Agreement or otherwise.

17. Accordingly, Hickes has breached materially the terms of the contract between him and OSC.

18. As a result of this material breach of contract by Hickes, OSC has been damaged in an amount in excess of $177,253.77.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against Robert G. Hickes, M.D., in an amount in excess of $177,253.77, plus prejudgment

and post judgment interest, or as provided for by law, and such other and further relief as this Court deems just.

## COUNT II
## BREACH OF ACCOUNT STATED
## OSC V. HICKES

19. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

20. Beginning in 2004, OSC had an ongoing business relationship with Hickes pursuant to which OSC sold Goods to Hickes, and Hickes paid for such Goods in accordance with the terms of various statements of account sent from OSC to Hickes.

21. OSC invoiced Hickes in a timely fashion for the Goods detailed above, which Goods were shipped at Hickes' request.

22. Hickes had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

23. Hickes has never objected to the amounts set forth in OSC's invoices.

24. Despite repeated demand, Hickes has failed to pay OSC the total amounts due as invoiced. A balance remains due.

25. As a direct and proximate result of Hickes' failure to pay its accounts as stated, OSC has been damaged in an amount in excess of $177,253.77.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against Robert G. Hickes, M.D., in an amount in excess of $177,253.77, plus prejudgment and post judgment interest, or as provided for by law, and such other and further relief as this Court deems just.

## COUNT III
## CLAIM FOR OPEN BOOK ACCOUNT
## OSC V. HICKES

26. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

27. OSC has been shipping the Goods to Hickes on an ongoing basis, and maintaining an open book account relating to those shipments.

28. OSC invoiced Hickes in a timely fashion for the Goods detailed above, which Goods were shipped at Hickes' request.

29. Said invoices contain a description of the Goods, as well as the date of their sale and the relevant price.

30. Hickes had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

31. Hickes has never objected to the amounts set forth in OSC's invoices.

32. Despite repeated demand, Hickes has failed to pay OSC the total amounts due as invoiced.

33. As a direct and proximate result of Hickes' failure to pay for goods sold to it on an open book account, OSC has been damaged in an amount in excess of $177,253.77.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against Robert G. Hickes, M.D., in an amount in excess of $177,253.77, plus prejudgment and post judgment interest, or as provided for by law, and such other and further relief as this Court deems just.

## COUNT IV
## UNJUST ENRICHMENT
## OSC V. HICKES

34. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

35. OSC conferred a benefit upon Hickes, to which Hickes was not entitled, by providing Hickes with the Goods.

36. Despite repeated demand, Hickes has refused to return the Goods and/or to pay for them.

37. By accepting delivery of the Goods supplied by OSC, retaining them, and not paying OSC for them, Hickes has been unjustly enriched at OSC's expense, in an amount in excess of $177,253.77, thereby damaging OSC.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against Robert G. Hickes, M.D., in an amount in excess of $177,253.77, plus prejudgment and post judgment interest, or as provided for by law, and such other and further relief as this Court deems just.

## COUNT V
## UNJUST ENRICHMENT
## OSC V. THE PROFESSIONAL CORPORATION

38. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

39. OSC conferred a benefit upon the Professional Corporation, to which the Professional Corporation was not entitled, by providing the Professional Corporation with the Goods.

40. Despite repeated demand, the Professional Corporation has refused to return the Goods and/or to pay for them.

41. By accepting delivery of the Goods supplied by OSC, retaining them, and not paying OSC for them, the Professional Corporation has been unjustly enriched at OSC's expense, in an amount in excess of $177,253.77, thereby damaging OSC.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against the Professional Corporation, in an amount in excess of $177,253.77, plus prejudgment and post judgment interest, or as provided for by law, and such other and further relief as this Court deems just.

## COUNT VI
## CLAIM FOR OPEN BOOK ACCOUNT
## OSC V. THE PROFESSIONAL CORPORATION

42. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

43. OSC has been shipping the Goods to the Professional Corporation on an ongoing basis, and maintaining an open book account relating to those shipments.

44. OSC invoiced the Professional Corporation in a timely fashion for the Goods detailed above, which Goods were shipped at the Professional Corporation's request.

45. Said invoices contain a description of the Goods, as well as the date of their sale and the relevant price.

46. The Professional Corporation had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

PHIL1 652935-2

47. The Professional Corporation has never objected to the amounts set forth in OSC's invoices.

48. Despite repeated demand, the Professional Corporation has failed to pay OSC the total amounts due as invoiced.

49. As a direct and proximate result of the Professional Corporation failure to pay for goods sold to it on an open book account, OSC has been damaged in an amount in excess of $177,253.77.

WHEREFORE, ASD d/b/a OSC respectfully requests the entry of a judgment in its favor and against the Professional Corporation, in an amount in excess of $177,253.77, plus prejudgment and post judgment interest, or as provided for by law, and such other and further relief as this Court deems just.

Respectfully submitted,

_____
Heath A. Fite (FIT011)

An Attorney for Plaintiff

**OF COUNSEL:**
Burr & Forman, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Phone: (205) 251-3000
Fax: (205) 458-5100

## CERTIFICATE OF SERVICE

  I hereby certify that on the ____ day of _____, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties, including Clyde Ellis Brazeale, III.

_____

Of Counsel