**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

|  |  |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC. d/b/a ONCOLOGY SUPPLY<br>2801 Horace Shepard Drive<br>Dothan, Alabama 36303,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>ROBERT G. HICKES, M.D. P.C.<br>1301 Trumansburg Road<br>Suite Q<br>Ithaca, NY 14850,<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>NO.: 1:05cv592 - MHT |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on August 4, 2006, wherein the following procedures were held and actions taken:

1.  **PARTIES AND TRIAL COUNSEL**: ASD Specialty Healthcare, Inc. d/b/a Oncology Supply (Plaintiff); Robert G. Hickes, M.D. P.C. (Defendant); Heath A. Fite (Plaintiff's Counsel); Clyde Ellis Brazeal, III (Defendant's Counsel).

    **COUNSEL APPEARING AT PRETRIAL HEARING**: (same as trial counsel) or indicate if different)

    Same as trial counsel.

2.  **JURSIDICTION AND VENUE**:

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because (a) the plaintiff is a citizen of the State of California and State of Texas, (b) the defendant is a citizen of the State of New York, and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

The defendant is subject to personal jurisdiction in this judicial district because, inter alia, the actions and omissions of defendant giving rise to plaintiff's claims in this action occurred and should have occurred in this judicial district.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district.

3.  PLEADINGS: The following pleadings and amendments were allowed:

   (a) Complaint, dated June 22, 2005.

   (b) Answer of Robert G. Hickes, M.D., dated August 26, 2005.

   (c) Amended Complaint, adding claims against Robert G. Hickes, M.D., P.C; dated January 25, 2006.

   (d) Answer by Robert G. Hickes, M.D., P.C. to Amended Complaint, dated February 28, 2006.

4.  CONTENTION OF THE PARTIES:

   (1) The plaintiff(s)

ASD originally brought suit against the individual defendant Robert G. Hickes ("Hickes") to recover sums due from Hickes pursuant to a contractual relationship whereby Hickes ordered and

received medical and pharmaceutical products from ASD. In response to Requests for Admissions served upon him, Hickes, the principal of the Company, admitted that the products in question were ordered for the benefit of the defendant Robert G. Hickes, M.D., P.C. (the "Professional Corporation") and that ASD is owed the principal sum of $177,253.77 for those products. Accordingly, ASD sought and was granted leave to amend its complaint to assert claims against Professional Corporation, and based on the theories of Unjust Enrichment and Open Book Account. ASD is owed $177,253.77, as of April 16, 2005, plus prejudgment interest from that date forward at the legal rate until the date of judgment, and post judgment interest at the legal rate from the date of judgment forward.

    (2)    The defendant

ASD sold $177,253.77 of products to Dr. Hickes. ASD invoiced Dr. Hickes, not the Professional Corporation. ASD obtained a judgment in said amount against Dr. Hickes. Accordingly, ASD was looking to Dr. Hickes for payment, and not the Professional Corporation. Therefore, ASD cannot recover from the Professional Corporation on either of its claims. It bargained and contracted for liability with Dr. Hickes, not the Professional Corporation. As to the claim for unjust enrichment, the goods were sold to Dr. Hickes, not the Professional Corporation. As to the claim for open account, in its amended complaint, ASD asserts that it invoiced the Professional Corporation, which is false - - ASD invoiced Dr. Hickes.

5.    STIPULATION BY AND BETWEEN THE PARTIES:

    1.    ASD is a supplier of medical and pharmaceutical products.

2.   At various times and at Hickes' request, ASD sold and delivered to Hickes pharmaceutical and other products (the "Goods").

3.   ASD has not received payment for certain Goods purchased on credit.

4.   ASD complied with its contractual obligations by supplying the Goods to Dr. Hickes.

5.   Despite the fact that ASD sent invoices to Dr. Hickes and demanded payment for the Goods supplied, ASD has not been paid for the Goods.

6.   Neither Hickes nor the Professional Corporation ever objected to the amounts shown on ASD's outstanding invoices.

7.   Certain of the Goods have not been returned or paid for.

8.   As of March 31, 2005, the total principal balance due to ASD exceeded $177,253.77.

9.   On February 23, 2006 the Court entered summary judgment against Hickes in the amount of $177,253.77, plus interest at the rate of 6% per annum from and after April 16, 2005 to the date of judgment, and interest at the legal rate from the date of judgment until paid in full.

10.   On April 11, 2006 Hickes filed a petition for relief under Title 11 of Chapter 7 of the United States Code in the United States Bankruptcy Court for the Northern District of New York (Utica), Case No. 06-60588-6-sdg. On July 7, 2006, the Bankruptcy Court granted Hickes a discharge under 11 U.S.C. § 727.

**It is ORDERED that:**

**(1) The non-jury trial of this cause, which is to last one (1) day, is set for September 11, 2006,**

at 10:00 a.m., at the federal courthouse in Dothan, Alabama;

(2) The parties are to file proposed findings of fact and conclusions of law by no later than September 6, 2006;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be

**binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.**

**DONE, this the 7th day of August, 2006.**

                                  <u>/s/ Myron H. Thompson</u>
                                **UNITED STATES DISTRICT JUDGE**