IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| ASD SPECIALTY HEALTHCARE, INC., etc., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:05cv592-MHT (WO) |
| ROBERT G. HICKES, M.D., P.C., | ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

This cause is before the court on a motion for
summary judgment filed by plaintiff ASD Specialty
Healthcare ("ASD") against defendant Robert G. Hickes,
M.D., P.C. ("P.C."). Rule 56(c) of the Federal Rules of
Civil Procedure provides that summary judgment is
appropriate when "there is no genuine issue of material
fact and ... the moving party is entitled to judgment as
a matter of law."

Robert G. Hickes, a physician, does not dispute that he ordered and failed to pay for $ 177,253.77 worth of medical products from ASD, a supplier of medical and pharmaceutical products.  However, in his first response to ASD's request for admissions, Hickes, who was named only as an individual in ASD's original complaint, denied that he individually ordered and received these products. Instead, he asserted that the P.C., the professional corporation owned entirely by him (that is, his medical practice), bore responsibility.[1]  Subsequently, in an apparent change of strategy, Hickes amended his responses

_____

1.   ASD asked that Hickes "[a]dmit that, beginning in 2004, Hickes ordered and received from Plaintiff medical, pharmaceutical and other products on an ongoing basis." Doc. No. 36, ex. 2, Request for Admissions, para. I. Hickes responded:

> "Denied.  However, admitted that Hickes' professional corporation ordered and received such products."

Doc. No. 36, ex. 3, Response to Request for Admissions, para. I.

to admit personal liability for the debt, omitting all

mention of the P.C.[2]


    As a result of these admissions, ASD filed a motion

for summary judgment against Hickes as an individual.

Hickes did not dispute this motion, and the court granted

summary judgment in favor of ASD in an opinion and order

dated February 23, 2006.[3]  ASD also amended its complaint

to assert state-law claims of "unjust enrichment" and

"account stated" against the P.C.[4]   Currently pending

---

    2.   Doc. No. 36, ex. 4, Amended Response to Request
for Admissions, para. I.

    3.   Docs. No. 31 and 32.

    4.   ASD styles its second count against the P.C. as
"claim for open book account."  This locution does not
appear to exist in Alabama law, although it is a
statutory claim in other jurisdictions.  Waldman v.
Englishtown Sportswear, Ltd., 92 A.D.2d 833, 836 (N.Y.
App. Div. 1983)(finding that an action on a book account
is purely statutory, and that no New York statute
authorizes such an action).  It is clear from ASD's
representations to the court and the law cited in its
motion for summary judgment that it intends to assert a
claim for an account stated.  Because ASD alleged both a
claim for an open book account and a claim for account
stated in its original complaint against Hickes as an

before the court is ASD's second motion for summary

judgment on the two counts asserted against the P.C.

To summarize the minimal factual record in this case:

(1) neither the existence of the debt nor Hickes's

individual responsibility to pay it have been disputed;

(2) Hickes first admitted that the P.C. bore

responsibility, and then amended this response to admit

only individual responsibility; and (3) Hickes has filed

an affidavit asserting that all products purchased from

ASD were invoiced to him as an individual, not to the

P.C.[5]

ASD does not assert a breach-of-contract claim

against the P.C., yet the claim of account stated depends

upon the existence of a contract between the parties:

---

individual, it is unclear why it asserted only the
nonexistent claim against the P.C.  Nonetheless, the
court will construe the claim as one for account stated.

    5.  Affidavit of Robert G. Hickes, M.D. (Doc. No.
40).

"The term 'account' covers any item of indebtedness by contract, express or implied." <u>Wilhite v. Beasley</u>, 497 So. 2d 103, 105 (Ala. 1986) (quoting <u>Martin v. Stoltenborg</u>, 142 So. 2d 257, 259 (Ala. 1962)). To establish a prima facie case for a claim of account stated, ASD must prove: "(1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability." <u>Ayers v. Cavalry SVP I, LLC</u>, 876 So. 2d 474, 477 (Ala. Civ. App. 2003) (quoting <u>University of South Alabama v. Bracy</u>, 466 So. 2d 148, 150 (Ala. Civ. App. 1985)). These elements presume the existence of an underlying contract, whether express or implied. Indeed, "an account stated is not founded on the original liability, but on the defendant's admission that a definite sum is due in the nature of a new promise, express or implied." <u>Stoltenborg</u>, 142 So. 2d at 259.

By contrast, it is black letter law that the predicate for a claim of unjust enrichment is the absence of a contract: "the existence of a contract precludes the existence of a contract implied by law, or quasi contract," 66 Am Jur 2d <u>Restitution and Implied Contracts</u> § 24, and "when an adequate remedy at law exists, a claim of unjust enrichment will not be entertained."  <u>Id</u>., § 30.

In other words, although not pleaded in the alternative, ASD's two counts against the P.C. are, in fact, mutually exclusive.  If there was a contract between the parties, then ASD cannot prevail on a claim of unjust enrichment, although it may present evidence sufficient to sustain its claim for account stated. Conversely, if there was no contract between the parties, then the claim for account stated will fail, while the claim for unjust enrichment may be asserted.

It is precisely the existence--or lack--of a contract between ASD and the P.C. that the parties dispute,

although, presumably because breach of contract was not asserted, no conclusive evidence is before the court that would allow this preliminary determination to be made. The record reflects only the conflicting admissions of Hickes as to which entity, the individual or the P.C., ordered the products.   No actual contract has been produced, nor have the parties produced evidence (or even argued)  that  Hickes  and  his  P.C.  are  legally indistinguishable, such that the court could conclude, based on the evidence, that Hickes signed ASD's invoices as an agent of the P.C., or not.

Resolution  of  the  underlying  question  of  the existence of a contract is necessary for the court to analyze  the  evidence  as  it  pertains  to  the  specific elements of each asserted claim.   Because the limited evidence  before  the  court  does  not  establish conclusively, one way or another, whether ASD contracted with  the  P.C.,  nor  whether  the  P.C.  is  legally distinguishable from Hickes, there is a genuine issue of

material fact and summary judgment is denied on both

pending counts.

It is therefore ORDERED that plaintiff ASD Specialty

Healthcare, Inc.'s motion for summary judgment (Doc. No.

36) is denied.

DONE, this the 7th day of August, 2006.


                         /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE