IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

ASD SPECIALTY HEALTHCARE, INC., d/b/a
ONCOLOGY SUPPLY COMPANY,
2801 Horace Shepard Drive
Dothan, AL 36303,

    Plaintiff,

    v.

ROBERT G. HICKES, M.D.,
1301 Trumansburg Road, Suite Q
Ithaca, NY 14850,
    And
ROBERT G. HICKES, M.D., P.C.,
1301 Trumansburg Road, Suite Q
Ithaca, NY 14850,

    Defendants.

CIVIL ACTION

NO. 1:05CV592-MHT

## THE PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

In anticipation of the trial of this matter, the plaintiff, ASD Specialty Healthcare, Inc. d/b/a Oncology Supply ("ASD"), by and through its counsel, hereby submits these proposed Findings of Fact and Conclusions of Law relating to the action against Robert G. Hickes, M.D. ("Hickes") and Robert G. Hickes, M.D., P.C. (the "Company"):

## PROPOSED FINDINGS OF FACT

1.  ASD is a supplier of medical and pharmaceutical products.

2.  At all times relevant hereto, and as set forth more fully below, Hickes on his own behalf and on behalf of the Company (a) solicited business with, (b) negotiated with, (c) had products shipped by, (d) communicated with, (e) submitted documents to, and (f) contracted with ASD in Dothan, Alabama.

3.  At various times and at Hickes' request, ASD sold and delivered to Hickes pharmaceutical and other products (the "Goods").

4.    Hickes did not make payment for certain Goods purchased on credit, pursuant to his contractual obligations.

5.    ASD complied with its contractual obligations by supplying the Goods to Hickes on his own behalf, and invoicing him for payment.

6.    Despite the fact that ASD sent invoices to Hickes and demanded payment for the Goods supplied, Hickes failed to make payment to ASD, in accordance with his obligations.

7.    With the knowledge of Hickes, the Goods were used by and/or retained for the benefit of the Company.

8.    There is no written contract between ASD and the Company.

9.    Prior to the account with ASD becoming delinquent, payments for Goods were sometimes submitted to ASD by the Company.

10.    On or about January 25, 2006, the Court entered summary judgment against Hickes.

11.    On April 5, 2006, Hickes filed, in the United States Bankruptcy Court for the Northern District of New York, as Case No. 06-60588-6-sdg, a Petition for Relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Action").

12.    On Schedule H of Hickes' schedules filed in the Bankruptcy Action, Hickes listed the Company as a co-debtor of the obligations owed by him to ASD.

13.    Hickes and the Company have refused to return the Goods and/or to pay for them.

14.    As of the date of trial, the total principal balance due to ASD equals $177,253.77.

## PROPOSED CONCLUSIONS OF LAW

15.    ASD is a California corporation with its principal place of business in Texas.

2

16.     ASD operates under various d/b/a's or trade names, including Oncology Supply, which maintains an office at 2801 Horace Shepard Drive, Dothan, Alabama.

17.     ASD is a California corporation, and does business as ASD, which has a principal place of business at 2801 Horace Shepard Drive, Dothan, AL 36303.

18.     The Company is a professional corporation organized and existing pursuant to the laws of the State of New York, with a last-known address of 1301 Trumansburg Road, Suite Q, Ithaca, New York 14850.

19.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because (a) the plaintiff is a citizen of the State of California, (b) the defendant Company is a citizen of the State of New York, and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

20.     The defendant Company is subject to personal jurisdiction in this judicial district because, inter alia, the defendant conducts business in this judicial district.

21.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district.

22.     Hickes is the sole owner of the Company.

23.     A valid course of dealing and contract existed between ASD and Hickes, whereby, in return for ASD supplying Goods to Hickes, he, or the Company, with his knowledge or at his direction, would pay ASD for those pharmaceutical and medical products.

24.     ASD complied with its contractual obligations by supplying Goods to Hickes.

25.     Despite the fact that ASD sent invoices to Hickes, and that Hickes allowed the Company to use or retain for its benefit the Goods in question, neither Hickes nor the Company have made payment to ASD for all the Goods shipped by ASD.

26.     ASD conferred a benefit upon the Company, to which the Company was not entitled, by providing Goods to Hickes, which Goods were used by, or retained for the benefit of, the Company.

27.     The Company has refused to return the pharmaceutical and medical products and/or to pay for them.

28.     It would be unjust or inequitable for the Company to use or retain the benefit of the Goods without making payment therefor to ASD.

29.     By accepting delivery of the Goods supplied by ASD, retaining them, using them, and not paying ASD for them, the Company has been unjustly enriched at ASD's expense, thereby damaging ASD in an amount equal, as of the date of trial, to a principal balance of $177,253.77, plus prejudgment and postjudgment interest at the legal rate.

30.     ASD is entitled to a judgment in its favor and against the Company in an amount, as of the date of trial, to a principal balance of $177,253.77, plus prejudgment interest at the egal rate from April 16, 2005, and postjudgment interest at the legal rate from the date of judgment until payment in full.

4

Respectfully submitted,


_s/Heath A. Fite_____
Heath A. Fite (FIT011)

An Attorney for Plaintiff
ASD Specialty Healthcare, Inc.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties, including Clyde Ellis Brazeale, III.


_s/Heath A. Fite_____
Heath A. Fite

5

PHIL1 694741-1